S. S. White Dental Manufacturing Company v. E. Hertzberg.

No. 770. Decided March 16, 1899.

1. Appeal and Certiorari—Trial de Novo.

The fact that a new trial upon appeal or certiorari is to be de novo implies that both the plaintiff and the defendant may amend their pleadings; but this applies only to the original case and does not give a right to make a new case by setting up a new cause of action or pleading a counterclaim not pleaded in the lower court. Defendant should be permitted to urge any defense he may have to the action, whether previously pleaded or not, except it be in the nature of a cross action. Rev. Stats., arts. 358, 1294. (P. 529.)

2. Same.

Revised Statutes, article 358, applies to cases taken to the district and county courts by appeal as well as to those by certiorari, and is but declaratory of what the law would have been without it. (P. 530.)

3. Appeal—Pleading—Illegality of Contract.

The illegality of the contract upon which the action is founded may be relied on in defense, though pleaded for the first time after appeal was perfected. (Pp. 529, 530.)

Questions certified from the Court of Civil Appeals for the Fourth District, upon error from Bexar County.

*C. A. Kellar,* for plaintiff in error. New matter of defense can not be set up in the district court in a case appealed from a justice court. Moore v. Jordan, 67 Texas, 395; Rush v Lester, 2 Willson, C. C., sec. 442; Railway v. Melear, 2 Willson C. C., sec. 457; Bridges v. Wilson, 2 Willson C. C., 625; Harrison v. Railway, 4 Willson C. C., sec. 69; Machine Co. v. Slover, 4 Willson C. C., sec. 236; Ostrom v. Tarver, 29 S. W. Rep., 69.

*J. D. Quinn,* for defendant in error.—The statute provides that either party may plead new matter in the district court which was not pre-

sented in the court below, and proscribes setoffs and counterclaims only. This is not a counterclaim or setoff, hence plaintiff's proposition has no bearing on this case. Batts' Rev. Stats., art. 358 (316), and notes; Blanton v. Langston, 60 Texas, 149; 2 Texas Civ. App., 96.

GAINES, CHIEF JUSTICE.—The Court of Civil Appeals for the Fourth Supreme Judicial District has certified to this court the following statement and questions:

"Appellant sued appellee in the Justice Court on an account for $84.35. Appellee pleaded in reconvention. Judgment having been rendered by the Justice Court against appellee, he appealed to the District Court, and there for the first time filed an answer setting up the illegality of the contract upon which the account was founded, in that the contract provided for the sale exclusively to appellee of the articles manufactured by appellant, appellee binding himself to buy no such articles from anyone else. The District Court held the contract illegal and rendered judgment for appellee.

"Question 1. Does article 358, Revised Statutes, apply to cases carried up from a justice court by certiorari alone, or does it apply with equal force to cases taken up by appeal?

"Question 2. If said article does apply to appealed cases, would the matter pleaded be permitted when pleaded for the first time after the appeal was perfected?

"Question 3. If such article of the Statute does not apply to appeals, is there any limit upon the right to plead defensive matter when a cause is taken up from a justice court by appeal?

"The above questions necessarily arise in the decision of this case, and are asked in view of a conflict between the decision of this court in the case of Ostrom v. Tarver, 29 Southwestern Reporter, 69, and the cases of Harrold v. Barwise, 30 Southwestern Reporter, 498, Bennett v. Paine, 38 Southwestern Reporter, 398, and others decided by other courts of civil appeals."

Article 1294 of the Revised Statutes provides that "in all cases brought up from inferior courts, whether by appeal or certiorari, the case shall be tried de novo." It results from this, as we think, that when a case reaches a superior court upon an appeal from an inferior tribunal, the original cause of action is to be tried, as any other case when a judgment has been rendered and a new trial has been granted. The fact that the trial is to be de novo implies that both the plaintiff and the defendant may amend their pleadings; but this applies only to the original case, and does not give a right to make a new case by setting up a new cause of action or pleading a counterclaim not pleaded in the lower court. To permit either the plaintiff to set up in the superior court a new cause of action, or the defendant after the appeal to plead a counterclaim not urged in the justice court, would be to allow a new suit to be instituted in the county or district court upon a cause

of action over which it could not take original jurisdiction. It is the original case that is to be tried, and not necessarily the original issues, and no reason is seen why the defendant should not be permitted to urge any defense he may have to the action, whether previously pleaded or not, except it be in the nature of a cross-action. Article 358 of the Revised Statutes reads in part as follows: "Either party may plead any new matter in the county or district court which was not presented in the court below; but no new cause of action shall be set up by the plaintiff, nor shall any setoff or counterclaim be set up by the defendant which was not pleaded in the court below," and we think it but declaratory of what the rule would have been without it. We regard the cases of Blanton v. Langston, 60 Texas, 149, and Boudon v. Gilbert, 67 Texas, 689, as being in accord with our views as herein expressed. The former Court of Appeals seem to have held the contrary. Harrison v. Railway, 4 Wills. C. C., sec. 69. The decisions of the courts of civil appeals are in conflict upon the point as appears by the statement accompanying the questions.

In answer to the first question, we say that in our opinon the rule announced in Article 358 of the Revised Statutes is the rule that should be applied in cases taken to the district or county courts by appeal.

We answer the second question in the affirmative.