GULF, COLORADO & SANTA FE RAILWAY COMPANY v.
GEORGE CHENAULT.

Decided March 7, 1903.

**Nuisance—Railway Company—Removing Dead Cattle—Independent Contractor.**

Where cattle were killed in a railway accident, and the railway company contracted with a third person to remove their carcasses, he agreeing to take them to where they would not bother anyone, and he deposited them in such proximity to plaintiff's premises as to create a nuisance, the railway company was liable therefor, despite the fact that such third person occupied the attitude of an independent contractor.

Appeal from the District Court of Dallas.    Tried below before Hon. T. F. Nash.

*J. W. Terry* and *Alexander & Thompson,* for appellant.

*W. A. Kemp,* for appellee.

RAINEY, CHIEF JUSTICE.—Appellee sued below to recover damages on account of a nuisance.    The facts are that a cattle train on defendant's road was wrecked at the town of Garland, killing eighteen head of cattle.    William Charles, defendant's roadmaster, contracted with one Phillips, a butcher, to remove the cattle to his (Phillips') pasture, some two or three miles distant from Garland, he assuring Charles that it was far enough away not to bother any one.    Phillips was to receive, for moving the cattle, the hides thereof.    The cattle were hauled to said pasture, and where placed were near enough to plaintiff's premises to create, and did become, a nuisance to plaintiff and his family.    Plaintiff notified defendant's agent at Garland of the nuisance.    Word was communicated to the roadmaster at Cleburne by letter, and he came up next day, and as soon as he could secure men he had the cattle burned on the day after.

The contention of appellant is, that Phillips was an independent contractor, and having undertaken to place the carcasses where they would not create a nuisance, appellant is not liable.    Under the facts in this case it is immaterial in what capacity Phillips acted, whether as an independent contractor or as agent or servant of appellant.    It was due the public by appellant to dispose of the carcasses so as to prevent a nuisance, and this duty could not be delegated to some one else, and appellant thereby escape liability.    It was responsible for the acts of Phillips in failing to properly dispose of them.    Railway Co. v. Meador, 50 Texas, 77; Railway Co. v. Warren, 88 Texas, 648; 3 Elliott, Railroads, sec. 1063.

The evidence is sufficient to support the judgment, and it is affirmed.

*Affirmed.*

ON MOTION FOR ADDITIONAL CONCLUSIONS OF FACT.

At the request of appellant we find the following additional facts, viz:

1.   Defendant exercised ordinary care in selecting E. J. Phillips as a suitable person with whom to contract for the removal of the carcasses.

2.   Phillips employed his own means and facilities in removing the carcasses from defendant's right of way near Garland to his pasture remote from said right of way.   He was an independent contractor, provided it was possible as a matter of law for the defendant railway company to create such a relation in the disposition of said cattle.

Writ of error refused.