## PETER JUND v. HENRY STUTE.

### Decided March 11, 1908.

**1.—Appeal from Justice Court—Counter Claim—Statute Construed.**

To a suit by his landlord for rent, the tenant plead in setoff in the Justice Court that the landlord had wrongfully stopped the sale of ten bales of cotton belonging to the defendant, and that in the meantime the price of cotton had declined, and the defendant was thereby damaged; upon appeal to the County Court the defendant abandoned said plea, and alleged instead that, by stopping the sale of the ten bales of cotton, the landlord prevented him from consummating the purchase of a tract of land and to lose a forfeit of $100 which he had put up, whereby he was damaged to that extent. Held, that under the provisions of article 358, Sayles' Civil Statutes, the trial court erred in allowing the setoff in the County Court because it was not the same pleaded in the Justice Court.

**2.—Landlord and Tenant—Set-Off—Damages too Remote.**

In an action by a landlord for rent, the defendant plead in reconvention that the landlord, by stopping the sale of defendant's cotton, had caused him to lose a forfeit which he had put up upon a contract to purchase land. Intimated that the alleged damages were too remote.

Appeal from the District Court of Falls County. Tried below before Hon. D. H. Boyles.

*E. W. Bounds,* for appellant.

No brief for appellee.

RICE, ASSOCIATE JUSTICE.—This case originated in the Justice Court of precinct No. 6, Falls County, where appellant, on the 10th day of December, 1906, filed suit against appellee for the sum of $50 claimed to be due as a balance for rents on lands rented by him to appellee for said year, and sued out a distress warrant, causing the same to be levied upon one bale of cotton and one hundred bushels of corn, which had been raised by appellee on said rented premises during said year.

Appellee answered by oral pleadings to the effect that he owed the plaintiff rent on four bales of cotton at the time of the levy, and that it was his intention to deliver to plaintiff the bale of cotton levied upon, as soon as it was ginned. He further plead in reconvention that the distress warrant was wrongfully sued out, and alleged that

the plaintiff had stopped the sale of ten bales of cotton taken by defendant's brother to Waco previous to the filing of this suit; that since the sale thereof was stopped by appellant, the market value of the cotton had declined to the extent of $5 per bale, and prayed for damages in the total sum of $200.

The trial in the Justice's Court resulted in a judgment that plaintiff take nothing by his suit, and that appellee recover of him the sum of $50, from which judgment appellant appealed to the County Court, where, when the case was called for trial, he amended his pleadings asking for the sum of $61.88 as rent. Defendant in the County Court amended his plea in reconvention, alleging that his brother Herman Stute had taken ten bales of cotton to Waco and sold the same, and that appellant had stopped the payment of the money for said cotton, amounting to the sum of $600, claiming to have a landlord's lien thereon, and that by reason of the stopping of the payment of the money for said cotton he was unable to make a payment of $1000 on January 1, 1907, on a tract of land that he had previously bought in Hill County, whereby he lost the sum of $100 that he had previously placed as a forfeit on said land trade, praying for damages in the sum of $200.

The trial being before the court without a jury, resulted in a judgment for appellant in the sum of $50 and for appellee in the sum of $100, the judgment reciting that the $50 judgment in favor of appellant was the value of the twenty-fourth bale of cotton raised by appellee during the year 1906, on the rented premises, and that the $100 judgment in favor of appellee was for damages caused by the holding of the proceeds of the ten bales of cotton belonging to Herman Stute, one judgment being set off against the other, and a final judgment rendered for the balance of $50 and costs against appellant in favor of appellee, from which judgment this appeal is prosecuted.

Appellant by his first assignment of error urges that the court erred in permitting appellee to change his defense, and plead a new and different set-off and counter-claim in the County Court from that which he had pleaded in the Justice's Court. The transcript fails to show an entry of any plea on the part of appellee, either in the Justice or the County Court, but it is shown by a bill of exceptions, reserved by appellant, that on the trial in the County Court appellee answered orally by general denial and, by way of reconvention, that on the 27th of November, 1906, he had sold ten bales of cotton in Waco, and that appellant had stopped the payment of the money to defendant therefor, claiming a landlord's lien on said cotton, and that by reason of the stopping of the payment of said money, defendant had lost the forfeit of $100 he had previously placed on a land trade in Hill County; that appellant excepted at the time to said plea in reconvention, upon the ground, first, that the damages claimed were too remote; and, second, because his defense, as set out in the plea in reconvention, was different from that pleaded in the Justice's Court, in that in the Justice's Court the measure of damages was alleged to be the decline in the market value of the cotton, which was alleged to be $5 a bale, defendant having alleged that the cotton had never

been sold, but only bargained, and the plaintiff stopped the sale thereof and that since then the value of the cotton had declined.

Article 358, Sayles Civil Statutes provides that either party may plead any new matter in the County Court which was not presented in the court below, "but no new cause of action shall be set up by the plaintiff, nor shall any set-off or counterclaim be set up by the defendant which was not pleaded in the court below;" and while this article occurs in the statute under the subject of certiorari to Justice Court, still, it has been held applicable to all appeals from the Justice to the County or District Court. It has likewise been held that this article is an express limitation upon the right of a defendant to plead an off-set in the County Court in a case appealed from the Justice's Court which was not pleaded in the court below. (White Dental Mfg. Co. v. Hertzberg, 92 Texas, 528, and cases there cited.)

In passing it may not be amiss to say that we are inclined to the opinion that the damages set up in the plea in reconvention are too remote, and can not be made the basis for a recovery.

There are other errors assigned, a consideration of which is not deemed necessary in the view we have taken of the case.

Appellant insists upon a reversal and rendition of the judgment in his favor for the sum of $61.88, but from the record it is left somewhat in doubt as to which bale of cotton appellant was entitled to as rent; and there is some question as to what the bale in fact weighed.

For the error committed by the court in permitting appellee to plead in reconvention a different set-off in the County Court from that shown to have been plead in the Justice's Court, the case is reversed and remanded.

*Reversed and remanded.*