## HOLCOMB et al. v. BLANKENSHIP et al.
### (No. 1533.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 18, 1915.)

1. JUSTICES OF THE PEACE ⬅️174—APPEAL—PLEADING—DEFENSE TO CROSS-ACTION.

On appeal to the county court in an action on a note given in part payment for two mules, wherein defendant files a cross-action for damages for breach of warranty of the soundness of one mule, plaintiffs may plead purely as a defense to the cross-action settlement of the con-

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

troversy by arbitration, though such defense was not presented in the justice court.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 665–693; Dec. Dig. ☞174.]

2. WITNESSES ☞74—COMPETENCY—ARBITRA-TOR.

An arbitrator is a competent witness to show what was in controversy before the arbitrators, what matters entered into their decision, and whether they were fair and impartial.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 188; Dec. Dig. ☞74.]

3. APPEAL AND ERROR ☞263, 500—PRESEN-TATION BELOW—INSTRUCTIONS.

Where it appears that objections to the charge were made but does not appear how the court ruled on the objections, or that appellants excepted to the court's ruling as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 2061, an assignment of the error complaining of the charge cannot be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1516–1523, 1525–1532, 2295–2298; Dec. Dig. ☞263, 500.]

Appeal from Titus County Court; Sam Porter, Judge.

Action by C. E. Holcomb and others against C. E. Blankenship and others. From judgment for plaintiffs, defendants appeal. Affirmed.

The suit is by appellees against appellants on a promissory note for $60. The appellants plead failure of consideration of the note, and by cross-action sought recovery of damages for breach of warranty of the soundness of a mule.

C. E. Holcomb owned two little mules, and appellees owned two larger mules; and in August, 1913, the parties exchanged or traded the mules, C. E. Holcomb paying a difference to appellees of $102 in money and his promissory note for $60, with B. F. Holcomb as surety thereon. Appellees at the time of the exchange expressly warranted the soundness of the mules to C. E. Holcomb. In October, 1913, one of the mules traded to C. E. Holcomb died from the effect of abscess or enlargement of the spleen. After the death of the mule C. E. Holcomb and the appellees agreed to leave to the decision of three disinterested persons the claim of C. E. Holcomb for breach of warranty. The arbitrators chosen by appellees and C. E. Holcomb after hearing evidence made final decision and report that C. E. Holcomb be allowed no damages for breach of warranty. There was evidence going to show that the disease from which the mule died was of some time standing, though latent and not known to appellees, and there is evidence tending to show that the disease originated subsequent to the date of exchange. There was evidence going to show a fair decision by the arbitrators, and there was evidence tending to the contrary. The jury decided all issues of fact against the contention of appellants.

T. C. Hutchings, of Mt. Pleasant, for appellants. I. N. Williams and Geo. Rolston, both of Mt. Pleasant, for appellees.

LEVY, J. (after stating the facts as above).

[1] After the appeal of the case to the county court the appellees plead, as a defense to the cross-action for damages, settlement of the controversy by arbitration. This was not pleaded in the justice court. The appellants objected to the plea and the court overruled the objection. This ruling of the court is made the basis of assignment of error number one. The objections urged to the plea are that it set up a new cause of action for the first time in the county court, and that B. F. Holcomb as a joint maker and obligor in the note was not a party to such arbitration. The objections may not, it is thought, be without merit if the record would bear the construction urged by appellants. It is concluded, though, that the record does not warrant the construction urged, and the assignment must be overruled. According to the record it was conclusively shown that B. F. Holcomb was not interested in the mules or the trade for them, and was not a joint obligor, but was merely a surety on the note of C. E. Holcomb. Under the evidence of C. E. Blankenship appears the statement, "B. F. Holcomb had no interest in the trade and is only surety on the note." B. F. Holcomb does not in his evidence claim to be interested in the trade or exchange of the mules. C. E. Holcomb in his evidence claims that he was the owner of the mules and made the trade B. F. Holcomb, being only a surety on the note, and having no interest or claim in the mules, and not being a party to the trade, had no legal concern with an action for breach of the warranty. The warranty of soundness of the mules being to C. E. Holcomb, he could recover in a personal action against the warrantors the damages for a breach of warranty. It would follow, therefore, that C. E. Holcomb and his warrantors could effect a settlement concerning the breach of the warranty by arbitration of the three disinterested persons, and that it could be pleaded as a defense against C. E. Holcomb in his cross-action for damages. The plea was not in the nature of an action for recovery by appellees on the award of the arbitrators, as insisted, but was purely a defense in bar of recovery by appellant C. E. Holcomb. The court in his charge treated the plea of arbitration purely as defensive matter, and did not permit an affirmative recovery by appellees thereon. It is concluded that appellees may plead, as done, the settlement by arbitration against the cross-action for damages. Mfg. Co. v. Hertzberg, 92 Tex. 528, 50 S. W. 122. The plea of settlement by arbitration in respect to damages for breach of warranty was entirely independent of and did not affect the appellants' further plea of failure of consideration of the note sued on. And in the record it appears without dispute that the note sued on was executed in part payment for the two

---

mules, and not alone for the one mule that died. One of the mules is living and not diseased. There was, therefore, a failure of each appellant, as principal and as surety, to establish a total failure of consideration for the note.

[2] It is concluded that the objections to the evidence complained of in assignments Nos. 2, 3, 4, and 5 do not constitute reversible error. An arbitrator is a competent witness to show what was in controversy before them, what matters entered into the decision, the award or decision of the arbitrators, and respecting the fairness and impartiality on the part of the arbitrators. Appellees could prove by the appellant Holcomb that he agreed to the arbitration. Pleading the arbitration as a defense, the appellees were required to prove it, being oral, by witnesses. And while some parts of the evidence complained of may not, under strict rules, be deemed relevant and material, still it would not warrant a reversal of the judgment.

[3] The complaint against the charge of the court cannot be considered, because it does not appear by the record that exception was taken to the ruling of the court. It appears that objections to the charge were made, but it does not appear how the court ruled on the objections, nor does it appear that appellants excepted to "the ruling of the court" as required by article 2061, Vernon's Sayles' Statutes.

The judgment is affirmed.