STRONG et ux. v. HARWELL.   (No. 5659.)

(Court of Civil Appeals of Texas. San Antonio. April 19, 1916. Rehearing Denied May 10, 1916.)

APPEAL AND ERROR ☞262(2)—EXCEPTIONS—PEREMPTORY CHARGE.

Where a record fails to show that a bill of exceptions was taken to a peremptory instruction as required by art. 2061, Vernon's Sayles' Ann. Civ. St. 1914, or that appellant's objections thereto were overruled, or that exception was taken by appellants to such overruling, the peremptory instruction will not be reviewed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1583–1585, 1587–1589, 1594, 1595; Dec. Dig. ☞262(2).]

Appeal from District Court, Aransas County; F. G. Chambliss, Judge.

Action by F. A. Strong and wife against Minnie Harwell. From a judgment for defendant, plaintiffs appeal. Affirmed.

E. A. Stevens and W. H. Baldwin, both of Rockport, for appellants. T. P. Morris, of Floresville, John De Berry Wheeler, of Aransas Pass, John B. Eddins, of Rockport, and Wm. H. Russell, of San Antonio, for appellee.

FLY, C. J. This is a suit instituted by appellants against appellee to rescind a certain contract by which appellee and her husband had conveyed certain land and other property to appellants and to cancel certain promissory notes executed by appellants to appellee. After hearing the evidence, the court instructed a verdict for appellee, and the sole issue on this appeal is the action of the court in instructing a verdict.

The record fails to show directly that a verdict was instructed, the requested charge to so instruct not being signed by the trial judge or marked as given, and there is nothing in the judgment indicating that the peremptory charge was given. The only evidence that the peremptory instruction was given is the indorsement of the judge on certain objections to the instruction, as follows:

"The foregoing objections to the peremptory charge given by the court to the jury in the above numbered and styled cause heard and considered by the court."

By a liberal construction the conclusion may be reached that a peremptory charge was given, and the case will be considered as though it was given.

The record fails to show that a bill of exceptions was taken to the action of the court in giving the peremptory instruction. The objections made by appellants might serve the purpose of a bill of exceptions, but the record fails to show affirmatively that the court overruled the objections, although this action may be inferred, which were aimed at the peremptory instruction asked by appellee, and, if the court did overrule the objections, no exception was taken by appellants to that action. There must be exceptions made at the time to the giving or refusal of charges or no complaint against such charges can be entertained in an appellate court. Article 2061, Vernon's Sayles' Stats.; Insurance Ass'n v. Rhoderick, 164 S. W. 1067; Railway v. Battle, 169 S. W. 1048; Railway v. Feldman, 170 S. W. 133; Connor v. Bank, 172 S. W. 175; Railway v. Dickey, 173 S. W. 967; Moore v. Decker, 176 S. W. 817; Holcomb v. Blankenship, 180 S. W. 918. Even if a bill of exceptions should not be required in connection with a peremptory instruction, there should be something in the record to show that objections to the charge given by the court were not only overruled but exception taken thereto. The record in this case fails to show any such exception. A refusal to consider assignments not based on exceptions to the charge may seem technical, but the statute so provides, and the courts must enforce the requirement.

The judgment will be affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes