McCASLIN v. VEASY et al.   (No. 1882.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 20, 1917.)

1. APPEAL AND ERROR ⊚⟞854(2) — DECISION BASED ON UNTENABLE GROUND.

That the court may have based his judgment on an untenable ground would be no reason for setting it aside, if sustainable on a tenable ground.

2. TRESPASS TO TRY TITLE ⊚⟞38(1)—PLAINTIFF'S TITLE.

In trespass to try title, plaintiff is not entitled to judgment for land in dispute, unless he shows title thereto.

Appeal from District Court, Camp County; J. A. Ward, Judge.

Action by L. B. McCaslin against Phil Veasy and another. From judgment for de, fendants, plaintiff appeals. Affirmed.

This was a suit of trespass to try title. It was brought by appellant against appellees. The land involved, according to the allegations in the petition, was 307.6 acres in the northeast corner of the Mary Hays survey in · Camp county. Appellees disclaimed as to all the land sued for except 15 or 20 acres just

south of the north boundary line of said Hays survey; and as to the 15 or 20 acres, after denying the allegations in appellant's petition, they set up the three, five, and ten years' statute of. limitations as a bar to the recovery sought against them. It appeared that the north boundary line of the Hays survey was the south boundary line of the Jesse Kitchens survey. Appellee Veasy claimed to own a tract of 100 acres, described in a deed to him by metes and bounds and as a part of the Jesse Kitchens survey, and appellee Boyd to own a tract of 116.8 acres on the west, described in the same way in a deed to him. The court, before whom the trial was had without a jury, seems to have found that the calls in appellees' deeds included said 15 or 20 acres, and, treating the suit as one to establish the boundary line between land owned by appellant and land owned by appellees on said Hays survey, rendered judgment establishing said line according to said calls and awarding appellees a recovery of the 15 or 20 acres. The judgment was in appellant's favor for the remainder of the 307.6 acres for which he sued.

O. A. Arnold, of Pittsburg, for appellant, Smith, Follin & Bryson, of Pittsburg, for appellees.

WILLSON, C. J. (after stating the facts as above). [1, 2] Assuming that the judgment of the court was predicated on a finding that the statute of limitations of ten years had operated to bar a right he had had to recover the 15 or 20 acres of appellees, appellant insists that the finding was without support in the testimony. As the findings of the court were not reduced to writing, we do not know from the record whether the court made such a finding, and based his judgment on it, or not. But if he did, and if it should be conceded that the finding was not authorized by testimony, it would not therefore appear that the judgment was erroneous. That the court may have based his judgment on an untenable ground would not be a reason for setting it aside if it is sustainable on a tenable ground. Insurance Co. v. McCurdy, 183 S. W. 796; O'Fiel v. King, 23 S. W. 696; Walker v. Cole, 27 S. W. 882; League v. Rice Institute, 152 S. W. 1182; Railway Co. v. Purcell, 91 Tex. 585, 44 S. W. 1058; Estey v. Fisher, 44 S. W. 555; Avery v. Popper, 92 Tex. 337, 49 S. W. 219, 50 S. W. 122, 71 Am. St. Rep. 849; Warren v. Kohr, 26 Tex. Civ. App. 331, 64 S. W. 62. And clearly it is, for in no view of the case as made by the record was the court authorized to render judgment in appellant's favor for the land in dispute. It did not appear that appellant ever had the title to the land. It was not shown that he and appellees claimed title from a common source; and the only evidence before the court of title in him was that furnished by a deed dated No-

vember 4, 1903, which passed to him the undivided interest one Miller claimed to own in the 307.6 acres. Greenlee v. Taylor, 79 Tex. 149, 14 S. W. 1056; Harris v. Kiber, 178 S. W. 673; Griffin v. Hay, 135 S. W. 248. In the Taylor Case the court said:

"The suit is trespass to try title, with plea of not guilty, and before boundary questions can be important plaintiff must show title, otherwise defendants will recover."

The judgment is affirmed.