## R. W. TAYLOR & CO. v. FERGUSON.
### (No. 2344.)

(Court of Civil Appeals of Texas. Texarkana.
Dec. 30, 1920. Rehearing Granted
Jan. 13, 1921.)

1. Justices of the peace ⬚174(3) — Amendment of pleadings as against codefendant on appeal from justice was permissible.

In suit in justice court by a bank on a check against the maker and the payee who had deposited the check for collection, it having been lost, the maker refusing to give a new one, so that the bank charged back the payee's account, the evidence showing that defendant maker was liable on the check to defendant payee, and both the bank and the payee having secured judgments against him, by amending his pleadings in the county court, asking judgment in his favor against defendant maker for the amount of the check, defendant payee sought neither to enlarge nor change defendant maker's liability, and the amendment was proper under Rev. St. art. 759.

On Motion for Rehearing.

2. Appeal and error ⬚1177(6)—In case of reversal on appeal from order dismissing cross-bill, such suit will be remanded for trial.

Where cross-action of one defendant against another was dismissed without prejudice to the right of the first defendant to institute new suit for the damages claimed, such ruling in effect sustained the exceptions interposed by the second defendant to the crossbill of the first, so that appeal of the first defendant is virtually an appeal from an order dismissing its suit, and on reversal the cause should be remanded for trial of the issues raised by the cross-suit of the first defendant.

Appeal from Harrison County Court; W. H. Strength, Judge.

Suit by the First State Bank of Harleton against R. W. Taylor, doing business as R. W. Taylor & Co., and O. R. Ferguson, wherein defendant Taylor asked for judgment in his favor against defendant Ferguson. From judgment for defendant Ferguson, the defendant Taylor appeals. Judgment reversed, and cause remanded for new trial.

Davidson & Blalock, of Marshall, for appellant.

Huffman & Huffman, of Marshall, for appellee.

HODGES, J. In February, 1918, R. W. Taylor, who was doing business at Harleton under the firm name of R. W. Taylor & Co., sold to Wash Cole a horse for $125. Cole paid $5 in cash, and a short time thereafter delivered to Taylor a check for $120 signed by the appellee, Ferguson, drawn on the First National Bank of Longview. Taylor accepted the check in payment of the balance due on the horse, and delivered the animal to Cole. Taylor later deposited this check in the First State Bank of Harleton and received credit therefor on the books of the bank. While passing through the mails for the purpose of being collected, the check was lost and was never recovered. Application was made to Ferguson for a duplicate check, which he refused to give, for no satisfactory reason. The First State Bank of Harleton then charged the amount of the check back against Taylor. This suit was filed in the justice court by the First State Bank of Harleton against both Taylor and Ferguson for the recovery of the amount for which the check was drawn. Taylor appeared and in his oral pleadings admitted his liability to the bank and asked for judgment against Ferguson in the event judgment was rendered against him. The trial in the justice court resulted in a judgment in favor of the bank against both Taylor and Ferguson. The case was appealed by Ferguson to the county court. Taylor there abandoned his pleadings in the justice court, in effect admitted that the bank had no cause of action against either of the parties to the suit, and asked for a judgment in his favor against Ferguson for the amount of the check. Ferguson moved to strike out the pleadings of Taylor because the cause of action set up and the recovery sought were different from those pleaded in the justice court. This motion was refused. In a trial before the court without a jury judgment was rendered in favor of Ferguson against both the plaintiff bank and Taylor. Taylor alone appeals. He insists that under the evidence judgment should have been rendered in his favor against Ferguson upon the pleadings filed in the county court.

[1] It appears that judgment in favor of Ferguson against the claim set up by the bank is based upon evidence that the bank had no debt, its claim having been settled by the charge back against Taylor. The refusal of the court to render a judgment in favor of Taylor against Ferguson is defended upon the ground that Taylor could not in the county court so amend his pleadings as to obtain that relief. The suit against Ferguson was founded upon the check. The undisputed evidence showed that he was liable thereon to Taylor. In the justice court both the bank and Taylor secured judgments against him. By amending his pleadings in the county court Taylor neither sought to enlarge or change Ferguson's liability. That remained the same. The only difference was, in effect, in the prayer for relief. In the county court that was for an unconditional judgment, while in the justice court it was nominally contingent upon a judgment against Taylor in favor of the bank. Article 759 of the Revised Civil Statutes does not forbid an amendment on appeal to the county court which merely seeks different relief, so

long as the cause of action against the defendant remains the same. Douglas v. Robertson, 72 S. W. 868; Dental Mfg. Co. v. Hertzberg, 92 Tex. 528, 50 S. W. 122.

The judgment of the county court will be reversed, and judgment here rendered in favor of R. W. Taylor against Ferguson for the full amount sued for and all costs of both courts.

### On Motion for Rehearing.

[2] The appellee, Ferguson, has filed a motion for a rehearing, insisting that this case should be remanded instead of judgment being rendered against him in favor of the appellant. We are of the opinion the motion should be granted. An inspection of the judgment in the court below shows that it denied a recovery to the First State Bank of Harleton against either Taylor or Ferguson, the former being the plaintiff and the latter defendants in the original suit. The cross-action of Taylor & Co. against Ferguson was dismissed without prejudice to the right of Taylor & Co. to institute a new suit for the recovery of the damages claimed. That ruling, in effect, sustained the exceptions interposed by Ferguson to the cross-bill of the appellant Taylor & Co. The appeal of Taylor & Co. is therefore virtually an appeal from the order dismissing their suit. The proper judgment to be rendered in this court is one reversing and remanding the case for a trial of the issue raised by the pleading of Taylor.

The motion therefore will be granted, and the cause remanded for another trial.

---

⬷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes