## DALLAS JOINT STOCK LAND BANK v. HENRY & YOUNCE.
### No. 1540.

Court of Civil Appeals of Texas. Waco.
Jan. 17, 1935.

Rehearing Denied Feb. 7, 1935.

Renfro, Ledbetter & McCombs and James A. Kilgore, all of Dallas, for appellant.

Tom P. Scott, of Waco, for appellee.

STANFORD, Justice.

In January 1931, Ben Fenter executed and delivered to Henry & Younce, grocery merchants, a chattel mortgage on all of the cotton crop to be grown by him during said year on a certain farm owned by him in McLennan county. At that time the Dallas Joint Stock Land Bank held a deed of trust on the farm. Fenter was in arrears in his payments to the land bank and was about to lose his farm. In April of the same year by mutual agreement of all of the parties, Fenter, in order to secure an extension of the time for payment of the amount due to the land bank, executed a chattel mortgage to the land bank on one-fourth of all of the cotton to be produced on said farm during said year, and Henry & Younce indorsed their waiver thereon, as follows: "We hereby waive the priority of the chattel mortgage lien securing our debt, in favor of the lien created in the attached mortgage and agree that The Dallas Joint Stock Land Bank's debt shall be a prior lien on the crops to the extent of one-third of the grain and one-fourth of the cotton."

Fenter produced sixty-eight bales of cotton on the farm during said year. He sold all of the cotton except sixteen bales and appropriated the money to his own use. When Henry & Younce discovered that Fenter had disposed of part of his crop, they demanded that he apply the remaining sixteen bales to the payment of his indebtedness to them. Fenter refused to so apply said sixteen bales of cotton, claiming at the time that he was holding the same for the purpose of satisfying the chattel mortgage in favor of the land bank, whereupon Henry & Younce brought suit against Fenter and levied a writ of sequestration on said sixteen bales of cotton. The chattel mortgage in favor of the land bank authorized the mortgagee to take possession of the mortgaged property in the event it should be seized by legal process. The land bank filed claimant's oath and bond and replevied the cotton and sold same for $562.01. Upon the hearing of the trial of right of property proceedings, Henry & Younce claimed a prior lien on an undivided three-fourths interest in said sixteen bales of cotton. The land bank claimed a right to the whole of the proceeds thereof. The trial court decided the issue in favor of Henry & Younce. The land bank appealed.

The material question to be determined is whether or not, under the above facts, the land bank had a prior right to select the portion of the crop covered by its lien. We recognize it as the rule in Texas that a mortgagee of a specific number of chattels out of a larger number, or of a specific quantity out of a larger mass, has, as against the mortgagor, an implied power of selection, and so long as he keeps within the expressed limitations of his grant he may select the particular items, or portions, to be applied in satisfaction of his debt. Oxsheer v. Watt, 91 Tex. 124, 41 S. W. 466, 66 Am. St. Rep. 863; Avery v. Popper, 92 Tex. 337, 48 S. W. 572, 49 S. W. 219, 50 S. W. 122, 71 Am. St. Rep. 849; Elliott v. Long, 77 Tex. 467, 14 S. W. 145. We also recognize as true the proposition that where one secures a first lien on a portion of a crop of cotton, and later another secures a lien on the remainder, the first mortgagee has a prior right to select the portion of the crop to be applied to the satisfaction of his mortgage. Citizens' Guaranty State Bank v. Johnson (Tex. Civ. App.) 211 S. W. 271 (writ refused); Citizens' National Bank v. First Guaranty State Bank (Tex. Civ. App.) 275 S. W. 860. However, in our opinion, the application of these rules does not entitle the land bank to claim a prior right of selection in this case. Here Henry & Younce held first and prior lien on Fenter's entire crop. They subordinated their lien to that of the land bank's lien on one-fourth of the crop, but retained the first and prior lien theretofore held by them on the remaining three-fourths of the crop. Consequently, Henry & Younce thereafter held a first and superior mortgage on three-fourths of the cotton and the land bank held a first and superior mortgage on one-fourth of the cotton. Each of these liens was first and supreme in its own sphere, and consequently each of the mortgagees held an equal right to select the portion of the crop to be applied to his mortgage. We are of the opinion, therefore, that the trial court properly apportioned the proceeds of the sixteen bales of cotton between the two mortgagees in the proportion that the lien held by each of them bore to the entire crop.

The judgment of the trial court is affirmed.