## AKINS v. CITIZENS NAT. BANK OF DENISON.

### No. 4586.

Court of Civil Appeals of Texas. El Paso.
Nov. 3, 1948.

Rehearing Denied Nov. 24, 1948.

Wilson F. Walters, of Denison, for appellant.

Joe G. Rollins, of Denison, for appellee.

McGILL, Justice.

This is an appeal from an order of the County Court at Law of Grayson County dismissing the first amended original Plea of Intervention filed in that court by appellant as Intervenor in a suit therein pending, in which appellee was plaintiff and W. H. Hood was defendant.

Suit was for a debt evidenced by a promissory note dated February 14, 1947, executed by Hood, and to foreclose a lien evidenced by a chattel mortgage of even date given by him to secure such note, covering certain personal property, including two horses therein described. Intervenor's Amended Plea substantially alleged that Hood was indebted to him in the sum of $265 for caring for and furnishing pasturage for said horses from February 25, 1947, and that he had a caretaker's or agistor's lien on the horses to secure his debt. On the theory that plaintiff either requested the services rendered or knew that they were being rendered and impliedly consented thereto, he alleged that such lien was superior to plaintiff's chattel mortgage lien and prayed that the court so adjudicate, and that he have judgment against Hood for his debt and that the horses be sold to secure payment thereof.

Appellant's points primarily complain of the assumed error of the court in holding that the prior unrecorded chattel mortgage lien was superior to the agistor's or caretaker's lien. However, point No. 2 does assign error in the action of the court "in sustaining Appellee's Motion to Dismiss Intervenor's First Amended Plea of Intervention." We shall consider this point. The record before us supports the statement in the briefs of both parties that no evidence was introduced.

The plea, though awkwardly drawn, is sufficient to assert an agistor's lien for pasturage under Art. 5502, Vernon's Ann. Civ.St. The action of the court in dismissing the plea does not indicate that priority of the liens was passed on. Appellee's position in support of the order dismissing the Plea of Intervention is in substance that the subject matter of the suit was the debt evidenced by the promissory note sued on, and not the horses covered by the chattel mortgage lien sought to be foreclosed; that as Intervenor was not interested in plaintiff's debt evidenced by the note he did not show himself to be interested in the subject matter of the suit, and hence had no right to intervene. A similar contention was made in Douglas v. Robertson, Tex.Civ.App., 72 S.W. 868, on facts not distinguishable, and was overruled. We approve that holding. See also McAdow Motor Co. v. Luckett, Tex.Civ.App., 131 S.W.2d 267. For the purpose of this appeal the priority of liens is immaterial. Whether Intervenor's lien be superior or inferior to plaintiff's lien, he had the right by intervention to procure an adjudication as to the priority of his lien and to protect his interest in the horses. The court erred in dismissing his plea.

The order is reversed and the cause remanded with instructions to reinstate Intervenor's First Amended Original Plea of Intervention.

Reversed and remanded with instructions.