Opinion delivered March 9, 1888.

---

No. 2559.

## George D. Beeks et al v. J. C. Odom et al.

1. PROBATE OF WILLS.—If one interested in the probate of a will, after due notice, fails to attend and cross examine a witness thereto when the will is probated in the county court, and the testimony of the witness is reduced to writing, he can not on appeal object to the written evidence of the witness on the ground that he had not been cross examined. On appeal the original written testimony of the witness, taken in the county court, may be read in evidence instead of a certified copy thereof.

2. BILL OF EXCEPTIONS.—A bill of exceptions based, upon the exclusion of the testimony of a witness, will be disregarded if it fails to disclose the character of the excluded evidence.

3. NEW TRIAL.—The fact that a witness, in a proceeding to probate a will, had testified under an agreement with one interested in the probate that he should receive a sum of money for his services in testifying as an expert, and a still larger sum if the will was admitted to probate,

if the fact be not known to the party adversely interested until after
the trial, will not afford ground for a new trial if, considering all the
testimony, it is apparent that no different judgment could have been
rendered.

4. TRIAL.—When it is evident that an irregularity was committed on the
trial of the cause, either in the introduction of testimony or in permit-
ting writings to be taken by the jury in their retirement which should
have been withheld from them, yet, if on an inspection of the record, no
other judgment could properly have been rendered, it will afford no
ground for reversal.

APPEAL from Wharton. Tried below before the Hon. W.
H. Burkhart.

*Parker & Peareson*, for appellants: It was error for the court,
over the objections of defendants, to permit the plaintiffs to
introduce and read in evidence to the jury the affidavit of
A. H. Bobo, as a subscribing witness to the will taken in the
county court on the trial there—the said A. H. Bobo being
absent at this trial, and the defendants not having the power
and privilege of interrogating and cross examining said wit-
ness. Because said affidavit was ex parte, and was not evi-
dence as against the defendants of the matters and facts
therein contained, and was calculated to and did mislead the
jury to the defendant's prejudice. (Revised Statutes, art. 1885;
Cox v. Cock, 59 Texas, 521; 1 Greenlf. Ev., secs. 433, 554.)

The court in its general charge did not in any manner offer
to explain to the jury the meaning of undue influence, or what
would constitute it, but only referred to it generally as follows:
"In order to constitute a valid will, the evidence must show
that at the time of its execution (the execution means the
signing) the testator (the maker) signed the same with full
knowledge of its contents, that it was signed without the ex-
ercise of any undue influence brought to bear to induce such
disposition of the property." (Wootters v. Kaufman et al., 67
Texas, 488, 495; Redus v. Burnett, 59 Texas, 576; P. J. Willis &
Brother v. W. L. McNiell, 57 Texas, 465.)

It was error for the court to overrule defendant's motion and
amended motion for a new trial on the grounds in said motion
and amended motion set forth—amongst others especially that
since the trial of said cause defendants had discovered (which
they did not and could not previously know) that the plaintiff
Odom procured the services of Doctor Meloncan to testify in

the cause, and that in consideration of his testimony said Odom promised and agreed to pay said Meloncan fifty dollars to testify therein, and the further sum of fifty dollars more conditioned that said Odom gained his cause. That said witness accepted said offer and testified herein at the instance of said Odom, and to the benefit of said Odom's side of this cause. Because the court and jury trying this cause should have known of said conditional trade and of the action of said Odom and of said witness in order to properly construe and give proper weight to the testimony of said witness—without which defendants have not had a fair trial of their cause. (Wolf v. Mahan, 57 Texas, 171, 175; Railway Company v. Forsyth, 49 Texas, 171, 178; Mitchell v. Bass, 26 Texas, 372, 377–8).

*P. E. Peareson,* for appellees.

STAYTON, CHIEF JUSTICE. Appellees made application for probate of the will of Mrs. J. V. Cook, which was contested by the appellants, but after hearing the will was admitted to probate. An appeal was prosecuted, and on hearing in the district court the will was again admitted to probate, and from that decree this appeal is prosecuted.

The contestants denied that the testatrix executed the will, and claimed that if she did so, this was done at a time when she had not mental capacity to dispose of her estate by will; and further alleged that if she executed it, that this was done under undue influence, fraud·and threats made and exercised on her by one of the beneficiaries named in the will.

If there is faith to be placed in human testimony, there can be no doubt that the testatrix while of sound mind, voluntarily executed the paper offered for probate, with a full and clear knowledge of its contents, and with intent to dispose of all property she might own at the time of her death. Nor can there be doubt that the instrument was executed and attested with all the formalities required by the statute.

When the matter was pending in the county court, the testimony, as required by the statute, was reduced to writing and sworn to and subscribed by the witnesses and filed. When the matter reached the district court, one of the subscribing witnesses to the will was absent, and his testimony taken in the county court was offered in evidence. This was objected to on the ground that the contestants did not then have an

opportunity to cross examine the witness. The statute in re-
lation to testimony taken in the county court on the probate of
a will, is: "A certified copy of such record of testimony may
be read in evidence on the trial of the same matter in any
other court when taken there by appeal or otherwise." (Rev.
Stat., art. 1855.)

A will can not be admitted to probate without proper notice,
and all persons interested have the right to resist its probate
and to cross examine any witnesses introduced to establish the
fact that the paper offered ought to be probated. If such per-
sons cross examine a witness, the cross examination will be
reduced to writing, and in case of an appeal they will have
the benefit of such evidence as may be thus drawn out; if,
however, they fail to cross examine a witness, this furnishes no
reason why the evidence given by the witness in the county
court should not be used on appeal, whether the witness is pres-
ent or not.

The original testimony seems to have been offered, and not a
certified copy; but there was no objection to it, on this ground,
urged when the evidence was offered, and, had there been, we
see no reason, if it can be produced without inconvenience, why
the original may not be used instead of a certified copy.

The second assignment calls in question the correctness of the
ruling of the court in excluding testimony of witnesses named;
but it does not appear by the bill of exceptions what the wit-
nesses would have stated had they been permitted to testify in
regard to matters of which the contestants sought to interrogate
them. Unless we were informed what the evidence of the wit-
nesses would have been, it is impossible to determine whether the
ruling of the court was correct or not; and all presumptions are
to be indulged in favor of its correctness until the contrary be
shown.

It seems that, on the trial in the district court, the evidence
of the subscribing witnesses present was again reduced to
writing, and that this, in part, may have been done out of
court, but brought into court and there read and subscribed and
sworn to, after which the witnesses were again examined and
cross examined in open court. Reducing a part of the testi-
mony to writing, out of court, when not taken by deposition,
was an irregularity, which, so far as we can see from the bill
of exceptions, may have been participated in by both parties,
but it did not become evidence until assented to by the witnesses

in open court, and by them subscribed and sworn to. We do not see that the course of procedure could have operated injuriously to the contestants; for the evidence thus taken was the same as taken in the county court, and the fullest opportunity to cross examine was given.

The fifth assignment complains that the charge of the court was not sufficiently full in defining "undue influence." There is no complaint that the charge given was not correct so far as it went, and no further charge was asked by the appellants.

This they should have done if they were of the opinion that the charge was not so full or clear as they thought it ought to be. Having failed to do so, they can not complain.

The charge as to what fact would constitute a person a subscribing witness to a will, asked by the appellants, while in the main correct, contained expressions likely to have misled the jury, and the charge given by the court upon the formalities requisite to the making of a valid will being correct and as full as the facts made necessary, there was no error in refusing the charge asked. The evidence left no ground to question the fact that the paper offered for probate was signed by three persons competent to witness such an instrument under such surroundings as to make them subscribing witnesses. A motion for new trial was made on the ground, among others, that a witness who had testified as an expert in the case had done so under an agreement with one of the persons seeking to probate the will that he should be compensated for his services by a sum of money to be paid without reference to the result of the proceeding, and by a further sum to be paid in the event the will was admitted to probate. This fact was not known until after the trial, and it doubtless was one if known, which might have had weight with the jury in determining the credibility of the witness. There are but few cases in which a new trial will be granted on account of newly discovered testimony only tending to impeach or affect the credibility of a witness who has testified in a cause. We are of the opinion, however, that when a witness testifies under such an agreement, and it is not made known to the court and jury trying the cause, that a new trial should be granted, unless, in view of all the other evidence in the cause, no other verdict than that found could legally have been reached. Such agreements are likely to lead to corruption, are contrary to public policy and must meet the condemnation of all fair minded men, whether the agreement

relates to evidence to be given as an expert or not. The witness who testified under the circumstances stated was a physician who had twice visited the testatrix professionally, and was thus prepared to speak of her mental and physical condition at and after the time the will was made, and he was also one of the three subscribing witnesses. On the trial in the county court he testified to the execution of the will and as to the mental condition of the testatrix at the time. Both of the other subscribing witnesses also testified, as did another person who was present when the will was executed, and who, as a notary public took the acknowledgment of the testatrix, which he certified on the instrument.

The testimony of these four persons in all material respects agrees in everything relating to the execution of the paper and the mental condition of the testatrix. Many other disinterested persons, who had opportunity to know, testified to the same condition of the testatrix's mind; in fact, it may be said that there was no evidence, if all reasonable intendments be given, to evidence tending in the slightest degree to sustain the grounds on which the probate of the will was resisted, on which any other finding could have been made than such as would have entitled the will to probate. The witness did not make the agreement until on the day of the trial in the district court, and before making it he seems to have consulted with his professional brethren as to the propriety of demanding a fee for testifying as an expert. They seem to have advised him that it was his right to do so; that it would not be a violation of any of the proprieties of the profession; in fact, named the sum which it would be proper for him to charge. There was no agreement or understanding as to what testimony the witness should give, nor anything other than the agreement itself from which improper or corrupt motives could be inferred. There seems to have been no secrecy about the transaction, and the evidence given by the witness after the agreement did not differ in any material respect from that which he had given before, which was reduced to writing.

There has been some conflict of decision as to the right of a person testifying as an expert to demand compensation other than such as other witnesses are entitled to receive, but it is not necessary in this case to consider when, if at all, such witnesses may demand extra compensation. Be that as it may, no witness ought to be permitted to testify, as an expert or

otherwise, when he has an agreement made with a party to the action through which, in consideration that he will testify, he is to receive a benefit dependent on a result which may be brought about by his own evidence.

The reasons on which persons having an interest in the subject of litigation are permitted to testify in their own behalf could not justify the admission of such evidence as we have referred to. We are gratified to be able to say, after a careful inspection of the record, that it appears to us the agreement was made without corrupt motive, but inadvertently and without due consideration as to its propriety.

There being not the slightest reason to believe that a different verdict could or would have been rendered had the evidence of the witness been entirely excluded, we do not think the court erred in refusing a new trial on the ground we have considered.

As before said, the notary's certificate of acknowledgment was indorsed on the paper offered for probate, and before the jury retired counsel on each side selected the papers they should take with them, and among them was the will. It was, and is now, urged that the court should have granted a new trial because the jury had in their retirement the notary's certificate of the acknowledgment of the testatrix. The parties knew that the indorsement was on the will; the jury could not take the one without the other, and there was no objection made to their taking either.

The officer who took the acknowledgment had testified fully about that, as well as about what transpired when the will was executed, and looking to the entire evidence, we are satisfied, as doubtless was the court below, that the matter here complained of in no manner affected the verdict. Had a different verdict been rendered on the evidence other than the acknowledgment and that of the witness already considered, it would have been the duty of the court below, on motion, to set it aside.

So standing the case, the judgment of the district court will be affirmed.

*Affirmed.*