OWENS et al. v. VANDER STUCKEN.†

(Court of Civil Appeals of Texas. Dec. 21, 1910. On Motion for Rehearing, Jan. 18, 1911.)

1. JUDGMENT (§ 326*)—CORRECTION—CORRECTION AFTER TERM.

A judgment recited that it was "entered this 29th day of March, 1909, at a regular term of this court, as of date October 31, 1907, this being the judgment actually rendered by this court upon that date, but which failed of appearance in the judgment entered by the clerk, to which defendants except and give notice of appeal," etc. *Held*, that this was only a correction of the judgment nunc pro tunc, and not an amendment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 628; Dec. Dig. § 326.*]

2. JUDGMENT (§ 316*)—CORRECTION—AUTHORITY OF JUDGE—CORRECTION BY JUDGE ON HIS OWN MOTION.

A judge has authority without motion to correct a form of judgment from his recollection thereof.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 316.*]

On Rehearing.

3. SEQUESTRATION (§ 20*) — REPLEVY BOND — FORM OF JUDGMENT.

Under Rev. St. 1895, art. 4877, relating to the discharge of judgments in sequestration proceedings by return of the property, a judgment rendered on a replevy bond for cattle which had been sequestered should fix the value of the different items of property separately; but the provision is not in this respect mandatory.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 42–49; Dec. Dig. § 20.*]

4. APPEAL AND ERROR (§ 719*)—ASSIGNMENTS OF ERROR—FORM OF JUDGMENT.

The right of a party against whom judgment has been rendered on a replevin bond to

---

have the judgment fix the value of the different items of property separately as provided by Rev. St. 1895, art. 4877, relating to the discharge of judgments in sequestration proceedings, is waived, where such party does not assign the omission of the judgment to fix the values separately as error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2977; Dec. Dig. § 719.*]

Appeal from District Court, Sutton County; J. W. Timmins, Judge.

Action by E. E. Vander Stucken against R. J. Owens and others. Judgment for plaintiff, and the defendants appeal. Judgment affirmed.

Anderson & Dumas, for appellants. Cornell & Wardlaw, for appellee.

JAMES, C. J. On October 31, 1907, a judgment was entered in the district court in favor of Vander Stucken against Owens for $1,769.19, with interest from said date and for costs, and for the further sum of $40.20 and foreclosing a mortgage or deed of trust lien on certain cattle. Pending the proceeding plaintiff had sequestered and defendant had replevied the property. On November 11, 1908, Vander Stucken filed a motion to correct the judgment, praying for a nunc pro tunc order to reform and correct the judgment by making it provide that plaintiff recover from defendant Owens, and from the sureties on defendants' replevy bond, jointly and severally, if the cattle cannot be had, etc.; it appearing that the judgment of October 31, 1907, contained no adjudication against the sureties, as is provided for by article 4876, Rev. St. 1895.

It is contended by appellants that the court had no power after the term to amend or correct the final judgment nor grant a new trial; the motion not embodying a case setting up fraud or mistake, nor presenting a case coming within articles 1356 and 1357. All this may be conceded.

There appears in the judgment as corrected, the one appealed from, this recital: "Entered this 29th day of March, A. D. 1909, at a regular term of this court as of date October 31, 1907, this being the judgment actually rendered by this court upon that date, but which fails of appearance in the judgment entered by the clerk, to which defendants except and give notice of appeal," etc. It is manifest from this record that the judge corrected the judgment entered in 1907 by making it speak the judgment he actually rendered, but which failed to be entered as rendered. This is not an amendment or change of the judgment. It is manifest, also, from the record and from the recital, that the judge acted upon his recollection, and this he was authorized to do, even without any motion. Railway v. Roberts, 98 Tex. 46, 81 S. W. 25; Wight v. Nicholson, 134 U. S. 136, 10 Sup. Ct. 487, 33 L. Ed. 865.

The judgment is affirmed.

On Motion for Rehearing.

We deem it advisable to refer to a question presented in this motion which has not been assigned as error, and is claimed to be a fundamental one. It is that the judgment rendered on the replevin bond does not fix the value of the different items of property separately, nor was there any evidence at the trial of the cause as to the separate value of the pieces of property. That such form of judgment is contemplated and secured to the defendant by article 4877, Rev. St. 1895, is plain, in order to enable the defendant to exercise the right of restoring part of the property.

The testimony adduced at the trial is not before us, but we may assume, as appellants state, that no testimony of separate value was given. The provision is for the benefit of the party who replevies, and we think he may waive its benefits, which he does effectually by not assigning such matter as error. The matter is not fundamental. There are opinions in cases in this state, which go to the extent of holding that the statute is mandatory; but the matter seems always to have been complained of by assignment of error. That it is not a matter that, in its very nature, demands a reversal of the judgment, is practically held in Cole v. Crawford, 69 Tex. 124, 5 S. W. 646.

Motion overruled.