ELSER v. PUTNAM LAND & DEVELOPMENT CO.   (No. 8032.)†

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 7, 1914.)

1. APPEAL AND ERROR (§ 263*)—PRESENTATION BELOW—ISSUE—EVIDENCE.

Under Acts 33d Leg. c. 59, providing that rulings on instructions shall be regarded as approved unless excepted to, an objection that the undisputed evidence rendered erroneous the submission of a special defense that the plaintiff broker had failed to comply with his contract could not be considered by the appellate court, where defendant did not except below to the submission of such defense, or request an instructed verdict.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1516–1523, 1525–1532; Dec. Dig. § 263.*]

2. APPEAL AND ERROR (§ 263*)—"INVITED ERROR"—INSTRUCTIONS NOT EXCEPTED TO.

Since under the express provisions of Acts 33d Leg. c. 59, an instruction not excepted to is deemed approved, error in giving same when not authorized by the evidence is an "invited error" of which no advantage can be taken on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1516–1523, 1525–1532; Dec. Dig. § 263.*

For other definitions, see Words and Phrases, First and Second Series, Invited Error.]

3. BROKERS (§ 88*)—ACTION FOR COMMISSION—SUBMISSION OF ISSUES — SUFFICIENCY OF EVIDENCE.

In a broker's action for a commission, a witness' testimony that he was pretty certain that plaintiff never sold, or caused to be sold, one lot, and that he did not work at his contract any, but took up a line of development work for another company, authorized submitting to the jury whether plaintiff had abandoned his contract before any sales had been made.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 121, 123–130; Dec. Dig. § 88.*]

Error from District Court, Callahan County; Thomas L. Blanton, Judge.

Action by Max Elser against the Putnam Land & Development Company. Judgment for defendant, and plaintiff brings error. Affirmed.

J. J. Butts, of Cisco, and J. Rupert Jackson, of Baird, for plaintiff in error. F. S. Bell, of Baird, for defendant in error.

CONNER, C. J.   Max Elser prosecutes this writ of error complaining of a judgment against him in a suit that he instituted against defendant in error to recover real estate commissions alleged to be due upon the written contract declared upon. By the terms of the contract the development company employed Elser as its' exclusive agent to sell certain lots of land in the town of Putnam, agreeing to pay him 20 per cent. of the proceeds realized upon all sales by whomsoever made during the life of the contract. The contract contained a stipulation that:

If Elser should fail "to diligently, industriously and continuously push and prosecute the sale of said lot as herein provided, then this contract shall be void at the option of said company."   .

The clause of the contract above quoted was made the ground of one of the special defenses, which was submitted as an issue to the jury, both in the general charge and by a special instruction, to neither of which has error been assigned.

[1] Substantially but one question is presented for our determination, and that is whether the evidence supports the verdict and judgment against the plaintiff in error. The contentions are that the "uncontroverted evidence shows that from January 10, 1910 (the date of the contract), to June 30, 1910 (the date of the last sale), property covered by said contract of agency was sold to the value of $6,969," upon which the plaintiff was entitled to commissions as specified in the contract; and further that:

"The uncontradicted evidence shows that if plaintiff did abandon the contract of agency, or cease to make any effort to perform his duties under it, he did so after the last sale of property on which he claims a commission."

The act approved March 29, 1913 (Gen. Laws 1913, p. 114), which we have several times had occasion to consider, provides, among other things, that:

"The ruling of the court in giving, refusing or qualifying of instructions to the jury shall be regarded as approved unless excepted to as provided for in the foregoing articles."

In the case before us, the issues raised by the pleadings and evidence were generally submitted to the jury by the court's charge, including the special defense that the plaintiff had failed to comply with his contract "by diligently, industriously, and continuously pushing and pursuing a sale of the lots" involved in the controversy. No objections to the court's general charge, nor to the special charge submitting the defense noted, were made in accordance with the terms of the act of the Legislature referred

---

to. So that, if we are to give the effect that the law says shall be given, when the issues are submitted without objection, the plaintiff in error is in the attitude of a litigant who, after the introduction of the evidence, has submitted to him the charge of the court and special charges given, and who has "approved" such charges, thus legally assuming the position that the evidence before the court requires the submission of the issue to the jury for determination. If the facts were clearly uncontroverted which entitled the plaintiff in error to a judgment, he should have requested an instructed verdict. This he did not do, but assumed, as we have seen, the inconsistent position of saying to the court, in effect, this case cannot be taken from the jury on the ground that there is no evidence to support the cause of action or defense.

[2] In the case of Cleburne Street Ry. Co. v. Barnes, 168 S. W. 991, this court, among other things, said:

"If, as provided by the amended statutes (act of 1913 above mentioned), a charge given without objection must be regarded as approved, it follows logically, we think, that parties who thus approve the charge are in the same situation as if that charge had been requested by them."

If the proposition embodied in the quotation is correct—and we think it is—it can hardly be contended that plaintiff in error, under the circumstances stated, will now be heard to say that the evidence in his favor is "uncontroverted," for by a long line of decisions in this state it has been held that an appellant cannot complain of a charge given at his request. It is held to be an vited error of which he can take no advantage on appeal. We conclude that plaintiff in error cannot now be heard upon the only propositions he urges before us. ·

[3] Moreover, if for any reason what we have said is not a sufficient answer to plaintiff in error's assignments, the court, among other things, charged the jury, in substance, that if "plaintiff abandoned said contract, * * * you could not find for the plaintiff for any sales made by said company after said abandonment," etc. As already stated, no proper objection was made to this charge, and, among other things, Mr. Carter for the defendant in error testified that:

"I am pretty certain that plaintiff never sold nor caused to be sold one lot. He did not work at his contract any, but took up a line of development work for another company."

This testimony is broad enough to include the conclusion that plaintiff in error abandoned the contract before any sales were made upon which he was entitled to commissions, and indulging every reasonable inference arising from the testimony so quoted in aid of the verdict and judgment, as it is our duty to do, we would feel unable to support plaintiff's contention that the uncontro-

verted evidence entitled him to the verdict. We are of the opinion that the judgment must be affirmed, and it is so ordered.

Affirmed.