SAN ANTONIO & A. P. RY. CO. v. MOERBE.   (No. 5701.)*

(Court of Civil Appeals of Texas. San Antonio. Oct. 18, 1916. Rehearing Denied Nov. 15, 1916.)

1. RAILROADS ⬉482(1)—FIRES—DAMAGE TO GOODS—SUFFICIENCY OF EVIDENCE.

Evidence in an action for the loss of a seedhouse, etc., by fire negligently communicated from boarding and lodging cars on defendant's side track, *held* sufficient to sustain a verdict for the plaintiff.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1730; Dec. Dig. ⬉482(1).]

2. RAILROADS ⬉480(2)—FIRES—NEGLIGENCE —PRESUMPTION.

Where the foreman of a railroad was occupying a boarding car in which fire originated, the presumption was, in the absence of testimony tending to sustain a different conclusion, that it

began through some act or failure to act on the part of the foreman, or other employés.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1710, 1733; Dec. Dig. ☞480(2).]

3. APPEAL AND ERROR ☞1050(1)—HARMLESS ERROR — EVIDENCE — FIRES — ACTIONS FOR DAMAGES—JOINDER OF INSURER.

In an action against an underwriter's receiver and a railroad for damages from fire negligently communicated from boarding cars on a side track, evidence that the property had been insured, and evidence as to property not insured, and which was destroyed, introduced while the insurer was a party, and which, after its dismissal, the railroad made no effort to have withdrawn, was not prejudicial to the railroad.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153, 4157; Dec. Dig. ☞1050(1).]

4. TRIAL ☞2—TRYING CASES TOGETHER.

In such action, there was no error in hearing the two cases together.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 3-5; Dec. Dig. ☞2.]

5. RAILROADS ☞457—FIRES—NEGLIGENCE.

Where fire started in boarding cars on a railroad siding which the employés were using in the promotion of the railroad's business, it was gross negligence for the foreman representing the railroad to fail to make any effort to prevent its spread to plaintiff's nearby seedhouse and ginhouse, whether it was Sunday or not.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1661; Dec. Dig. ☞457.]

6. APPEAL AND ERROR ☞882(12) — RIGHT TO ALLEGE ERROR—INVITED ERROR.

In an action for the destruction of property from fire communicated from boarding cars on defendant's siding, where the court on defendant's objection struck out a charge that the burden was on the plaintiff to establish the material issues submitted, any error in such action was invited error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3602; Dec. Dig. ☞882(12).]

7. TRIAL ☞255(10) — INSTRUCTIONS — REQUEST.

In such action, the defendant, if it desired a charge on the burden of proof, should have requested it.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 637; Dec. Dig. ☞255(10).]

8. TRIAL ☞194(15)—INSTRUCTIONS—WEIGHT OF EVIDENCE.

In an action for the destruction of property by fire communicated from boarding cars on defendant's siding, defendant's requested special charges, directly on the weight of the evidence, were properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 465; Dec. Dig. ☞194(15).]

9. TRIAL ☞252(9)—INSTRUCTIONS—IMMATERIAL ISSUES.

In such action, special charges requested by defendant upon immaterial issues and upon matters not raised by the testimony were properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 603; Dec. Dig. ☞252(9).]

10. RAILROADS ☞457—FIRES—DUTY TO PREVENT SPREADING.

Where a fire started in boarding cars on a railroad's siding near plaintiff's seedhouse, the duty to prevent its spread was on the railroad, and not upon the plaintiff.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1661; Dec. Dig. ☞457.]

11. EVIDENCE ☞472(4)—OPINION OR CONCLUSION.

In an action for the destruction of property by fire communicated from boarding cars on defendant's siding, testimony of a witness as to whether everything was done to save the property was properly excluded, as invading the province of the jury.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2189; Dec. Dig. ☞472(4).]

12. APPEAL AND ERROR ☞742(1) — ASSIGNMENTS OF ERROR.

An assignment of error which is not a proposition itself and is not followed by a proposition, and where the objection to the evidence is not shown by the brief, would not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ☞742(1).]

13. APPEAL AND ERROR ☞727—ASSIGNMENTS OF ERROR—ABSTRACT ERROR.

In an action for the destruction of property from fire communicated from boarding cars on defendant's siding, an assignment of error in the taking of the policy of insurance to the jury room, in the absence of any alleged injury therefrom, was a mere abstraction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2998, 3010–3024; Dec. Dig. ☞727.]

Appeal from District Court, Fayette County; Frank S. Roberts, Judge.

Action by Ben Moerbe against the receiver of the Southwestern Underwriters of San Antonio and the San Antonio & Aransas Pass Railway Company. Judgment dismissing the receiver, and judgment for plaintiff against the defendant Railway Company, and it appeals. Affirmed.

Duncan & Burleson, of La Grange, for appellant. George Willrich, of La Grange, for appellee.

FLY, C. J. Appellee instituted this suit against the receiver of the Southwestern Underwriters of San Antonio and appellant, wherein he sought to recover against them jointly the sum of $2,660, and against appellant alone the sum of $1,120. The suit was based on the loss by fire of a certain seedhouse, ginhouse, gin stands, press, boiler, and engine which were insured by the underwriters in the sum of $3,000 against fire, and on appellant's negligence in connection with the destruction of the insured property as well as other property not insured. The Southwestern Underwriters was dismissed from the suit, and the cause as to appellant submitted to a jury on special issues, and on the answers judgment was rendered in favor of appellee for $3,400.

[1, 2] The evidence shows that the fire originated in a car standing on a spur or side track near a seedhouse belonging to appellant. There were several cars on the siding, which were being used as lodging and eating places for employés, and the fire started in the car occupied by Richardson, the foreman of appellant, and was communicated from it to the "commissary" car, which was alongside and about five feet from the seed-

house. The seedhouse caught from the commissary car, and the ginhouse from the seedhouse. The two cars mentioned and the houses were totally destroyed. Although the car occupied by Richardson caught on fire 20 or more minutes before it reached the commissary car, no effort was made by the foreman or the 30 or 40 employés to move the cars or extinguish the flames. The Richardson car could have been moved and the commissary car and houses saved if the employés had made any effort to move the car. This they failed to do, although requested time and again by Will Hart, a citizen near by, who went to the fire. The property of appellee destroyed by the fire was of the value found by the jury. The evidence fails to disclose any contributory negligence on the part of appellee.

The first, second, and eleventh assignments question the sufficiency of the evidence to sustain the verdict. They are answered by our conclusions of fact. If the evidence of appellee's witness, Hart, is to be credited, as it undoubtedly was by the jury, appellant's foreman and employés were grossly negligent in making no attempt to prevent or check the spread of flames arising in a car owned by appellant, standing on a siding in close proximity to appellee's property. The foreman of appellant was occupying the car in which the fire originated, and he was not put on the stand or his deposition taken to show how the fire started, and the presumption would prevail, in the absence of testimony tending to sustain a different conclusion, that it began through some act or failure to act on the part of the foreman or other employé. Ineffectual efforts were made by parties visiting the fire to obtain assistance in moving the foreman's car in which the fire had not made much headway at the time, and the commissary car which was not ignited at that time and was standing alongside the seedhouse. The commissary car was ignited from the foreman's car, and if it had been moved out of reach of the flames, the seedhouse might not have caught from the other car. In the case of Railway v. Anderson, 173 S. W. 908, a fire originated in a boarding car, while standing on a side track, and spread to a farm adjacent thereto and destroyed the grass thereon. There was no positive evidence of negligence in starting the fire, except that it started in the car and appellant did not account for how it started. The Court of Civil Appeals of the Second District held that if appellant was guilty of negligence in permitting the fire to spread from the car to the farm, it would be liable. The Supreme Court refused a writ of error in the case. The decision is well sustained by Texas cases, therein cited.

The third assignment claims error in the court refusing to sustain its plea in abatement for misjoinder of parties and causes of action. The court did not refuse to sustain the plea in abatement, as appears from the qualification of the bill of exceptions, but the court postponed action on the plea until he heard the evidence, and after the evidence was heard appellee dismissed as to the insurance company. That action fully disposed of any complaint as to misjoinder of causes and parties. The assignment of error is overruled.

[3, 4] The record fails to indicate that evidence prejudicial to appellant was introduced under cover of the presence of the insurance company in the case. The fact that the property had been insured, and that the insurance company had failed, could not have injured appellant. The evidence as to the $1,120 worth of property which was not insured and was destroyed was properly admitted. The insurance company had nothing to do with that property. The issues submitted by the court had no reference to the evidence complained of. The evidence was introduced while the insurance company was a party, and after its dismissal appellant made no effort to have the evidence as to insurance withdrawn from the jury. There was no error in hearing the two cases together. Skipwith v. Hurt, 94 Tex. 322, 60 S. W. 423; Underwriters v. Railway, 31 Tex. Civ. App. 104, 71 S. W. 419.

[5] The fifth, sixth, and seventh assignments of error are overruled. It does not matter whether it was Sunday or not, or whether the servants were employed to extinguish fires or not; it was their duty when a fire started in the property of the master to use all reasonable means to prevent its spread to the property of others, and it was gross negligence in the foreman, representing appellant, to stand idly by and make no effort to prevent the spread of the fire to appellee's seedhouse and ginhouse. The employés were using the cars in the promotion of the master's business, and they were under as strong obligations to use all reasonable means to prevent the spread of a fire originating in the cars as would be the trainmen of a train from which fire had been communicated to grass or other combustible material on the right of way. In the case of Railway v. Platzer, 73 Tex. 117, 11 S. W. 160, 3 L. R. A. 639, 15 Am. St. Rep. 771, the Supreme Court said:

"Without entering into any discussion as to the degree of care a railway company should use to extinguish a fire caused by the escape of fire from its engines, we feel constrained to hold that the duty does exist however careful such companies may be to prevent the escape of fire from their engines, and that the failure to exercise such care as the circumstances of a given case would indicate to a prudent man was proper, will give cause of action for an injury resulting."

The negligence would be the same whether the fire originated through negligence or not.

[6, 7] The court had embodied in the charge the following:

"The burden of proof is upon the plaintiff to establish by a fair preponderance of the testimony the material issues submitted."

This clause was objected to by appellant as follows:

"This defendant excepts to that portion of the charge of the court in the concluding part of his charge, because the same does not properly declare the law applicable to the facts in this case, and no such charge should be given."

In response to that objection, the court struck that portion of the charge relating to the burden of proof from the charge, and appellant now claims error, through the eighth assignment of error, in the court doing the very thing that it then thought should be done. If it was error, it was clearly invited by appellant. If appellant desired a charge on the burden of proof, it should have requested it.

[8, 9] The ninth and tenth assignments of error are overruled. The special charges requested by appellant were directly on the weight of the evidence, were on immaterial issues and on matters not raised by the testimony. There was no testimony that Jackson was appellee's watchman, but he swore positively that he was not; this fact, however, is stated in the first charge to have been undisputed. If he had been a watchman there was no evidence of negligence on his part. The second charge attempts to raise an issue not made by the evidence as to the employés in the early morning hours being in the employ of appellant. The attempt to raise the question of comparative negligence was not authorized by the law or the facts. The court submitted every issue fairly raised by the evidence. It did not make any difference whether the fire originated inside or outside the cars; the issue being: Did appellant use any diligence to prevent the spread of the fire from its cars to the property of appellee?

[10] The twelfth and thirteenth assignments of error are disposed of in the consideration of other assignments, and they are overruled. Hart swore positively:

"When I got there, I did not see Richardson or any one of the hands making any effort to put the fire out."

Will Rives swore:

"I did not see the hands do anything towards trying to save the other property."

No effort was made to check the fire in the foreman's car or the commissary car. Some water was carried to the third car which stood north of the commissary car, away from the seedhouse. Neylon, a witness for appellant, testified:

"If I had had charge of that gang, and they had obeyed me, I believe I could have saved that gin. The hands were at work all right, but were working at the wrong end. I never saw Mr. Parvin. If intelligence had had control of those hands there, I believe they could have moved that first car, and have saved the ginhouse and property."

And yet in the face of this array of testimony it is stated:

"That the employés who were boarding in said cars exercised all reasonable diligence to prevent the spread of the fire."

The duty to prevent spread of the fire was on appellant in whose property it had started, and not upon appellee.

[11] The fourteenth assignment of error is overruled. The attempt of appellant to have the witness Eversole take the place of the jury and decide as to whether everything was done to save the property was properly frustrated by the court. What the witness would have sworn in answer to the question is not disclosed, but it can be reasonably presumed that he would not have sworn that everything was done "that could be done under the circumstances to save the property," because he testified that by proper efforts the fire could have been extinguished at its beginning.

[12] The seventeenth assignment is not a proposition in itself, nor is it followed by a proposition. What the objection to the evidence was is not shown by the brief.

[13] It does not appear that the taking of the policy of insurance to the jury room injured appellant, and no such claim is made. The assignment of error raising this point is a mere abstraction. Beeks v. Odom, 70 Tex. 183, 7 S. W. 702. If a bill of exceptions was taken to the action of the court in permitting the policy to be taken to the jury, no reference is made to it in the brief. The eighteenth assignment is overruled.

The judgment is affirmed.

---

&#9758;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Application for writ of error pending in Supreme Court.