GONZALES et al. v. FLORES.   (No. 5950.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 23, 1918. On Motion for Rehearing, Feb. 13, 1918.)

1. APPEAL AND ERROR ⬳215(1)—REVIEW — INSTRUCTIONS—NECESSITY OF OBJECTION.
   Appellants, having failed to object to the charge of the court cannot contend on appeal that there is no evidence to support verdict and judgment.

2. REPLEVIN ⬳126—SEQUESTRATION—JUDGMENT ON BOND—EVIDENCE.
   Under Rev. St. 1911, art. 7106, providing for a summary judgment against sureties on replevin bond, if suit is decided against defendant the introduction of the bond in evidence is unnecessary.

3. APPEAL AND ERROR ⬳1050(3)—HARMLESS ERROR NOT AFFECTING RESULT.
   The introduction in evidence of the replevin bond, without the application for writ of sequestration in summary proceeding for judgment against the surety on the bond under Rev. St. 1911, art. 7106, is harmless error; the introduction of such bond being unnecessary.

4. REPLEVIN ⬳135 — JUDGMENT AGAINST SURETY—QUESTION FOR THE COURT.
   The question whether judgment should be rendered against sureties on replevin bond is exclusively for the court.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. REPLEVIN ⬦⟿135 — FINDINGS — VALIDITY OF BOND.**

Where the replevin bond is copied into the judgment and recovery thereon decreed it amounts to a finding that the bond is valid.

**6. REPLEVIN ⬦⟿135—BOND—JUDGMENT AND REVIEW—PRESUMPTION.**

A replevin bond, valid on its face and adjudged valid, will not be presumed invalid because of an order quashing the writ of sequestration or other defect not shown and not urged on motion for new trial.

**7. APPEAL AND ERROR ⬦⟿1069(2)—HARMLESS ERROR — DELIBERATION OF JURY — TAKING PAPERS TO JURY ROOM.**

That a jury, on considering verdict, took with them memoranda in Spanish from which plaintiff testified, but which, while filed, were not introduced in evidence, *held* harmless error, where nothing in the record shows that the jury considered them or understood the Spanish language.

**8. APPEAL AND ERROR ⬦⟿930(1)—HARMLESS ERROR—VERDICT—PRESUMPTION AS TO EVIDENCE CONSIDERED.**

It will not be presumed that the jury considered memoranda describing a brass bed inadvertently omitted from the petition in replevin, because such bed is included in their verdict, where plaintiff testified as to the bed and its value, and it is not shown to be described in the memoranda.

### On Motion for Rehearing.

**9. APPEAL AND ERROR ⬦⟿1149—JUDGMENT—AMENDMENT—CLERICAL ERROR IN NAME OF SURETY.**

A judgment against a surety on a replevin bond, wrongly stating surety's last name, *held* clerical error, in view of correct naming of surety in findings, and that surety, in such correct name, appealed therefrom, and such error can be corrected by appellate court.

**10. REPLEVIN ⬦⟿135—JUDGMENT—DESCRIPTION OF PROPERTY.**

A judgment approving a verdict in replevin which establishes the value of each article as shown by the verdict, as copied therein, complies sufficiently with the statute, especially when considered with the judgment provision authorizing return of property described in verdict, or any portion thereof.

**11. APPEAL AND ERROR ⬦⟿1073 (7)—REVIEW—JUDGMENT.**

Failure of the court to find the value of each item in a judgment in replevin is not fundamental error requiring reversal.

Appeal from District Court, Bexar County; J. T. Sluder, Judge.

Suit by Miguel H. Flores against Maria Gonzales and others. Judgment for plaintiff, and defendants appeal. Affirmed. Rehearing and motion for certiorari denied.

Chambers & Watson, of San Antonio, for appellants. T. H. Ridgeway and L. B. Camp, both of San Antonio, for appellee.

MOURSUND, J.   Miguel H. Flores sued Maria Gonzales to recover certain personal property alleged to be of the value of $884.25, and by amended petition made F. A. Chapa and Telesforo Martinez parties defendant, alleging that she had sued out a writ of sequestration and caused the same to be levied by the sheriff upon the property sued for, whereupon defendant on October 4, 1910, duly executed a replevin bond in the sum of $1,800, with said Chapa and Martinez as sureties. Defendants answered by general demurrer and general denial. The cause was submitted upon special issues, to which no objections were urged, and in answer thereto the jury found that plaintiff's wife at the time of her marriage to plaintiff owned certain articles sued for, stating the reasonable cash market value as found by them at the date of the trial, the aggregate being $742.60, and that plaintiff purchased certain articles sued for after his marriage, the cash market value thereof at the time of the trial being stated, the aggregate being $90.45.   The plaintiff in open court remitted the sum of $75, found to be the value of a brass bed, which was mentioned in the replevin bond, but was not mentioned in the amended petition.   This sum was deducted from the value found by the jury, and judgment rendered for the remainder, $758.05, with 6 per cent. interest from date of the judgment against all of the defendants, such judgment being drawn in accordance with the sequestration statutes. All of the defendants appealed.

[1] Appellants, having failed to object to the charge of the court, are in no position to contend that there is no evidence to support the verdict and judgment.   Modern Woodmen of America v. Yanowsky, 187 S. W. 730; Elser v. Putnam, 171 S. W. 1052; Strong v. Harwell, 185 S. W. 676; Pearce v. Supreme Lodge, 190 S. W. 1156.   The first and second assignments are therefore overruled.

[2-4] The court permitted the introduction in evidence of the replevin bond, over defendant's objection that plaintiff must offer in evidence his application for writ of sequestration, his bond, and the writ of sequestration before the replevin bond would be admissible.   Appellant contends that this ruling constitutes error, and also contends that the replevin bond, unaccompanied by proof of the instruments referred to, would not support a judgment against the sureties. It is not contended that the introduction of the bond in evidence was prejudicial to defendants upon any issue submitted to the jury.   No issue with respect to the bond was submitted to the jury, and its validity or invalidity could not have affected the verdict. It was unnecessary to introduce the bond in evidence, as our statutes provide for a summary judgment to be rendered thereon if the suit is decided against the defendant.   Article 7106, R. S. 1911; Tyson v. Bank, 154 S. W. 1055.   The introduction of the bond, over the objection urged thereto, did not constitute such an error as would require a reversal of the judgment.   The question, whether judgment should be rendered on the bond, was one which addressed itself exclusively to the court.

[5, 6] It is recited in the judgment that a replevy bond was given, the bond is copied in

the judgment, and a recovery thereon decreed. This amounts to a finding that the replevy bond is valid. Appellants contend that, in the absence of the affidavit and bond for writ of sequestration, and the writ of sequestration, it cannot be determined that the replevy bond is valid, and that therefore it would not support a judgment. It is true that it has been held that when the writ of sequestration falls by reason of an order quashing the same, the replevy bond falls with it. Mitchell v. Bloom, 91 Tex. 634, 45 S. W. 558; Avery v. Popper & Bro., 92 Tex. 337, 49 S. W. 219, 50 S. W. 122, 71 Am. St. Rep. 849. No presumption can be indulged as against the judgment of the court that the replevin bond is invalid. It is valid on its face, and if there is any order of court quashing the writ of sequestration and thus invalidating the replevin bond, the defendants should have shown that fact, and urged it in their motion for new trial. As they are not able to show that the bond is invalid, the judgment of the court, in effect establishing its validity, must be upheld. The third and fourth assignments are overruled.

[7, 8] It appears from the motion for new trial that among the papers taken by the jury to the jury room were two original memoranda in Spanish from which plaintiff testified, but which, while filed, were not introduced in evidence. There is nothing in the record to show that the jury noticed or considered such memoranda, or that any of them understood the Spanish language. In the statement appellants contend that consideration of the memoranda is shown by the fact that the jury found for plaintiff for a brass bed, mentioned in one of the memoranda, but not included in the petition. The omission of this item from the petition was evidently not noticed by plaintiff's counsel until after the trial, for plaintiff testified to the value thereof, and it was replevied as shown by the bond. In the bond it is not described as a brass bed, but plaintiff in his testimony so described it. Whether it was so described in the memoranda we cannot say. The bed was one of the most valuable articles testified about by plaintiff, and the fact that the jury included it in its verdict does not indicate that they considered or referred to the memoranda. The only issue was that of value, and the only witness who testified as to value was plaintiff, and his testimony corresponded to the values stated in the replevin bond and the verdict of the jury. Under the facts of this case we hold that the action of the jury in taking with them the lists of property testified from by plaintiff does not constitute such error as requires a reversal of the judgment. In the cases of Faver v. Bowers, 33 S. W. 131, Goar v. Thompson, 19 Tex. Civ. App. 330, 47 S. W. 61, and City of Ft. Worth v. Young, 185 S. W. 983, the court found that the documents taken into the jury room were considered by the jury and had a bearing upon controverted issues. Each of the cases is easily distinguishable from this. That it is a legitimate inquiry whether the matter complained of probably affected the verdict is sustained by the case last cited, as well as the cases of Beeks v. Odom, 70 Tex. 183, 7 S. W. 702, and S. A. & A. P. Ry. Co. v. Moerbe, 189 S. W. 128. The fifth assignment is overruled.

The sixth assignment is too general to be considered.

The judgment is affirmed.

### On Motion for Rehearing.

[9] Appellants contend that the judgment should be reversed on the ground of fundamental error, in that it is against Telesforo Gonzales, instead of Telesforo Martinez. It is apparent that the variance was caused by a mere clerical error, for the court finds that F. A. Chapa and Telesforo Martinez executed the replevy bond, and the bond is copied in the judgment, and then finds that plaintiff is entitled to judgment against Maria Gonzales as principal and F. A. Chapa and Telesforo Martinez as sureties. The recovery of the amount found by the jury is then awarded, and in doing so, instead of writing Telesforo Martinez, the name is written "Telesforo Gonzales." The court then finds that the sureties, Chapa and Telesforo Martinez, became active defendants on November 20, 1916, but in the award of costs against them from such date the name, Telesforo Gonzales, is again used instead of Telesforo Martinez. There was no party to the suit by the name of Telesforo Gonzales, and Telesforo Martinez appealed from the judgment. Clerical mistakes of this character can be corrected by the appellate court. Robinson v. Moore, 1 Tex. Civ. App. 93, 20 S. W. 994. The mistakes with regard to the name will be corrected, and the judgment in that respect reformed by this court.

[10, 11] Fundamental error is also predicated on the failure of the court to find the value of each article separately. The judgment by approving the verdict of the jury establishes the value of each article as found by the jury, and such value is shown by the verdict copied in the judgment. This is a sufficient compliance with the statute, especially when considered in connection with the provision in the judgment authorizing the return of the property, "or any portion thereof described in the verdict," and directing the sheriff to receive same and receipt therefor and to deliver same to the plaintiff, and that the clerk should enter a credit upon the judgment for the value of the property so returned. The sureties were amply protected by the judgment in their right to return the property, but if they were not, as the jury found the value of each item, there could be no objection to the correction of the judgment by this court so as to protect them in such right. This court has hereto-

fore held, however, that the failure to find the value of each item is not a fundamental error. Owens v. Vander Stucken, 133 S. W. 491.

We see no reason for changing our views with respect to the disposition of the assignments of error. The motion for rehearing is overruled.

Appellees have filed a motion for certiorari to bring up a corrected judgment; the corrections made by us as to the name of Telesforo Martinez having also been made in the trial court since we affirmed the judgment. The motion will be denied, as we deem it wholly unnecessary to pursue that course.