**LANCASTER et al. v. KNIGHTON et al.**
(No. 2369.)

(Court of Civil Appeals of Texas. Texarkana. April 21, 1921. Rehearing Denied April 28, 1921.)

1. Trial ⊂⇒260(1)—Refusal of instructions already given not error.

Instructions asked which were in effect mere repetitions of instructions already given were properly refused.

2. Trial ⊂⇒260(8)—Refusal of instruction not negatived by instruction given not reversible error.

Where an instruction given did not authorize the jury to find a carrier guilty of negligence if it failed to bar or screen a window, it was not reversible error to refuse instructions that the carrier was not negligent in failing to take such precautions.

3. Carriers ⊂⇒320(20)—In suit for injuries to passenger, held not error to refuse charge to find for defendant where evidence on which it was based was contradicted.

In a passenger's action for injuries by reason of a lurch of the train, causing her arm to fall outside the window and strike a locomotive on a sidetrack, it was not error to refuse an instruction to find for defendant because the testimony failed to show negligence in that the trainmen testified as to the position of a "clearance post" beyond which locomotives were not allowed to pass on the side track, and that it was impossible for one to extend an arm far enough out of the window to strike a locomotive on such side track, where they were contradicted by evidence that plaintiff's arm did strike a locomotive on the side track.

4. Appeal and error ⊂⇒232(3)—An objection to an instruction is waived when not presented in the trial court.

In an action for injuries, an objection to an instruction on the ground that contributory negligence appeared as a matter of law was waived when defendants did not present that objection in the trial court, as required by article 1971, Vernon's Sayles' Ann. Civ. St. 1914.

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Damages ⟨⟩132(8)—$750 for broken arm held not excessive.**

In an action by a husband and wife for damages for a broken arm sustained by the wife by reason of defendant's negligence, a verdict for $750 was not excessive.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Action by Jonnie B. Knighton and husband against J. L. Lancaster and another, receivers for the Texas & Pacific Railway Company. Judgment for plaintiffs, and defendants appeal. Affirmed.

Appellee Jonnie B. Knighton was a passenger on a train operated by appellants over the Texas & Pacific Railway Company's line of railway from Texarkana to Marshall. She was sitting by a window of the car she was traveling in, resting her left elbow on the sill of the window, when the car so lurched or swayed as to cause her hand and forearm to fall and extend outside the window and strike some part of a locomotive engine standing on a track near the one her train was rapidly moving on. A result of the accident was to break and otherwise injure her arm. On the theory that it was negligence on the part of appellants to have said locomotive at a point on the other track so near the one her train was moving on, said appellee, joined by her husband, commenced and prosecuted this suit to a judgment for $750 in their favor.

The fourth paragraph of the trial court's charge to the jury, which appellants objected to, was as follows:

"If the jury shall believe from the evidence by a preponderance thereof that Jonnie B. Knighton was resting her arm upon the window of a coach, and that on account of a sudden jar or jerk of the coach her arm was thrown out of the window, and you shall further believe that the servants of the defendant failed to exercise the highest practicable degree of care to avoid injuring her and stopped one of the defendants' engines on a side track so close to the coach in which plaintiff was riding as to strike her hand, thereby injuring her, then you will return a verdict for the plaintiff for such damages as she may have suffered, unless you find for the defendants under other portions of this charge."

The grounds of the objection urged to said paragraph of the charge were that—

There was "no evidence nor pleading that any jerk of the passenger train was caused by any want of care on defendants' part, but it was only the ordinary jerk of the train."

In the fifth paragraph of his charge the trial court further instructed the jury as follows:

"If you believe from the evidence that plaintiff for some cause protruded her arm out of the window of the car in which she was riding, and that a person of ordinary prudence under the circumstances would not have done so, if she did such act, thereby receiving her injury, then under such circumstances the plaintiff would be guilty of contributory negligence as above defined to you, and the defendant would not be liable to her for damages, and if you so believe you will find a verdict for the defendant.

"If you believe plaintiff was not injured while riding upon the train, but received her injury in some other manner, you will find for the defendants."

Prendergast & Prendergast, of Marshall, for appellants.

Frank M. Scott and R. A. Sexton, both of Marshall, for appellees.

WILLSON, C. J. (after stating the facts as above). [1] Six of the nine assignments in the brief are predicated on alleged errors of the trial court in refusing to give to the jury special charges requested by appellants. Had the refused charges been given, the jury would have been told in the one numbered 1 to find for appellants if they believed the injury to Jonnie B. Knighton was not caused by her arm striking the locomotive; in the one numbered 3 to find said Jonnie B. Knighton guilty of contributory negligence if they believed she placed her arm beyond the edge of the window, and that an ordinarily prudent person would not have done so; in the one numbered 4 that appellants were not guilty of negligence if they provided the window with a screen said Jonnie B. Knighton could have used to prevent her arm from falling outside the window, and that she was guilty of contributory negligence if the window had a screen and she did not use it; in the one numbered 5 that, if appellants could not reasonably have anticipated that a passenger would extend her arm so far out of the window as to strike an object the train was passing, they were not guilty of negligence in failing to provide against the possibility of the passenger's extending an arm so far out of the window; in the one numbered 6 that appellants were not required to provide screens for the windows to prevent passengers from projecting their bodies or parts thereof out of the car; and in the one numbered 2 to find for appellants because the testimony failed to show they had been guilty of negligence. It will be noted on examination of the fifth paragraph of the charge the court gave the jury, set out in the statement above, that had he given the special charges numbered 1, 3, and 4 the court, in effect, would have been merely repeating instructions he had already given the jury. Hence it was not error to refuse said special charges 1, 3, and 4.

[2] It will also be noted on examination of the fourth paragraph of the charge the court gave to the jury, set out in said statement,

that the jury were not authorized to find appellants guilty of negligence if and because they failed to have the window so barred or screened as to prevent a passenger from extending an arm outside of same. Hence it was not reversible error to refuse the special charges numbered 5 and 6.

[3] The theory, as appears from the assignments, on which appellants insist it was error to refuse the special charge numbered 2, and on which they insist that the verdict of the jury was contrary to the evidence, is that the testimony did not warrant a finding that they were guilty of negligence. It is argued in support of the contention that it appeared from the testimony of trainmen as to the position of a "clearance post" beyond which it was the practice not to permit locomotives to pass on the side track, and from testimony of said trainmen, based evidently on such practice, that it was impossible for a person to extend an arm far enough out of the window of a car passing on the other track to strike a locomotive on such side track. The argument ignores testimony to the contrary of that appellants refer to, and which the jury had a right to believe, to wit, the testimony of appellee Jonnie B. Knighton and her sister, who was sitting by her side, that when Jonnie B.'s arm fell outside the window it did strike against some part of a locomotive on the side track.

[4] In support of the assignment attacking as erroneous the fourth paragraph of the court's charge, set out in the statement above, it is insisted it appeared as a matter of law that appellee Jonnie B. Knighton was guilty of contributory negligence, and therefore that appellees were not entitled to recover anything of appellants. The objection, and only objection, made to said paragraph of the charge in the court below, and it is not urged here, was, as shown in the statement above, that there was "no evidence nor pleading," quoting, "that any jerk of the passenger train was caused by any want of care" on the part of appellants. As appellants are in the attitude of having waived the objection they urge here, because they did not present it in the court below (article 1971, Vernon's Statutes; Fisheries Co. v. McCoy, 202 S. W. 343; Gonzales v. Flores, 200 S. W. 851), and as they are not urging here the objection they made in that court, there is no question before this court for consideration with reference to said paragraph of the trial court's charge.

[5] In the assignment not disposed of by what has been said appellants attack the verdict and judgment as erroneous because excessive. But we do not think so when testimony the jury had a right to believe as to the consequences to appellee Jonnie B. Knighton of the injury she suffered is considered.

The judgment is affirmed.