**B. G. MUELLER, Appellant,**

v.

**C. Stanley BANKS, Independent Executor of the Estate of Henry Mueller et al., Appellees.**

**No. 12721.**

Court of Civil Appeals of Texas.

San Antonio.

Nov. 10, 1954.

Rehearing Denied Dec. 8, 1954.

Rice, Waitz & Rice, San Antonio, for appellant.

House, Mercer & House, Moursund, Ball, Bergstrom & Barrow, Stahl & Sohn, M. A. Childers, Ralph E. Cadwallader, San Antonio, for appellees.

NORVELL, Justice.

By judgment dated December 4, 1953, the District Court ordered three instruments probated as valid testamentary declarations of Henry Mueller, who died on December 30, 1952. By its answers to three special issues, the jury found that Henry Mueller possessed testamentary capacity on June 16, 1951, June 28, 1951, and August 6, 1952, the dates upon which Mueller executed his last will and testament and two codicils thereto. The beneficiaries under the will and codicils were for the most part charitable institutions. The contestant was B. G. Mueller, a son of the testator.

The appellees here present a number of contentions or counterpoints, which if sustained would require an affirmance of the judgment of the court below.

One of these is the assertion that the testimony of C. Stanley Banks, the executor named in the will, was properly received in evidence. If appellees be correct in this, then there is no error requiring a reversal of the decree directing that the will and codicils be admitted to probate.[1]

The evidence of which appellant complains consisted of a transcript of the testimony given by Mr. Banks without objection in the probate court. Upon the trial of the case in the District Court, objection was made that Mr. Banks was precluded from testifying as to transactions with the deceased by the provisions of Article 3716, Vernon's Ann.Tex.Stats.[2] No such objection was made in the probate court and the essential question presented here is whether the testimony unobjected to in the probate court is admissible in the District Court.

The executor testified that he was a practicing attorney of Bexar County, Texas, and had known Mr. Mueller for almost forty years prior to his death in 1952. Mr. Banks stated that in 1948 he had prepared a will for Mr. Henry Mueller, which left the bulk of his estate to charitable organizations; that he had also prepared the will and codicils which were submitted for probate, and that, in his opinion, Mr. Mueller was above the average in intelligence and was in full possession of his faculties at the time such wills and codicils were executed.

---

1. All of appellant's points, with the exception of the thirteenth and last point, relate to the receiving of the testimony of C. Stanley Banks. The thirteenth point complains of the admission of the testimony of John E. Banks, one of the subscribing witnesses to the codicil bearing date of August 6, 1952. The basis of the objection was that John E. Banks was not sufficiently acquainted with the testator to express an opinion as to his sanity. The statement of facts discloses that Banks talked with Henry Mueller for some ten minutes prior to the execution of the codicil. Despite his meager acquaintance with the testator, he was nevertheless a competent witness, Ross v. State, 153 Tex.Cr. 312, 220 S.W.2d 137; Thornton v. McReynolds, Tex.Civ.App.,

156 S.W. 1144, and the trial court ruled properly in admitting his testimony. The weight to be given such evidence was of course a matter for jury determination.

2. "Art. 3716. In actions by or against executors, etc.
   "In actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."

90

■ The exclusionary rule of the dead man's statute, Article 3716, may be waived by a failure to object to the testimony when offered, and such testimony when so admitted possesses probative force, although it could have been excluded upon proper objection. Walker v. Fields, Tex.Com. App., 247 S.W. 272; Besteiro v. Besteiro, Tex.Com.App., 65 S.W.2d 759; Collins v. Smith, 142 Tex. 36, 175 S.W.2d 407; Logsdon v. Segler, Tex.Civ.App., 225 S.W.2d 435; McCormick and Ray, Texas Law of Evidence, p. 245, § 162.

■ A party, in return for the privilege of cross-examination or some other reason, may deem it to his advantage to waive the provisions of the statute and receive the proffered testimony without making objection thereto. The matter of objecting or not objecting therefore partakes of the nature of an election, and it seems that by virtue of statutory enactments, evidence admitted in the probate court without objection becomes admissible in the district court upon the trial de novo.

Articles 3350 and 3351, Vernon's Ann. Tex.Stats., read as follows:

"Art. 3350. Testimony committed to writing

"All testimony taken in open court upon the hearing of an application to probate a will shall be committed to writing at the time it is taken, and subscribed in open court by the witness or witnesses, and filed by the clerk."[3]

"Art. 3351. Order entered; will, etc., recorded, when

"Upon the hearing of an application for the probate of a will, if the court be satisfied from the evidence that such will should be admitted to probate, an order to that effect shall be entered

upon the minutes; and such will, together with the application for probate thereof, and all the testimony in the case, shall be recorded in the minutes; provided, that the substance only of depositions shall be so recorded. A certified copy of such record of testimony may be read in evidence on the trial of the same matter in any other court when taken there by appeal or otherwise."

■ The trial court was correct in receiving in evidence the transcript of the testimony of the executor adduced at the hearing in the probate court. Beeks v. Odom, 70 Tex. 183, 7 S.W. 702; Prather v. McClelland, 76 Tex. 574, 13 S.W. 543; Perdue v. Perdue, 110 Tex. 209, 217 S.W. 694.

The decree of the trial court is affirmed.

---

3. Appellant contends that the provisions of Article 3350 were not complied with because Mr. Banks signed a transcript of his testimony given in the probate court before the clerk at a time when the judge was not present. It appears that upon the trial in the district court and after objection had been raised, Mr. Banks again swore to the correctness of the transcript

before the county judge in open court. The district judge then permitted designated portions of the transcript to be read in evidence. In our opinion a substantial compliance with the provisions of Article 3350 was shown and there was no error in the district judge's ruling. Beeks v. Odom, 70 Tex. 183, 7 S.W. 702.