Mauro GARCIA et al., appellants,

v.

Homero BARRERA, Appellee.

No. 3921.

Court of Civil Appeals of Texas.

Eastland.

Nov. 20, 1964.

Rehearing Denied Jan. 8, 1965.

J. Marvin Ericson, Corpus Christi, for appellants.

Lloyd, Lloyd, Dean & Ellzey, and E. G. Lloyd, Jr., Alice, for appellee.

GRISSOM, Chief Justice.

Homero Barrera offered the will of Otilia G. de Olivarez, deceased, for probate and sought to be appointed independent executor of her estate. Mauro Garcia and others, who alleged they were heirs of the deceased, opposed probate of the will, alleging that Mrs. Olivarez lacked testamentary capacity and that it was procured by undue influence. Upon a trial in the District Court, after introduction of all the evidence and after both sides had closed, the proponent filed a motion to strike certain pleadings of contestants and for an instructed verdict. The contestants then asked leave to file a trial amendment. The proponent's motion was sustained, contestants' motion was overruled, the jury was instructed to return a verdict for the proponent, which it did, and judgment was rendered for proponent. The contestants have appealed.

Contestants say the court committed reversible error in refusing to permit them to file a trial amendment at the time and under the circumstances mentioned. Assuming, without deciding, that refusing permission to amend was not within the discretion of the trial court, probable injury is not shown. It is not shown what would have been contained in the proposed amendment. There was no effort to introduce additional evidence. There is no showing that additional evidence would have been produced. All the evidence was to the effect that testatrix was of sound mind. There was no evidence of undue influence. Therefore, the proponent was entitled to an instructed verdict. There is no showing that contestants were harmed by the refusal to permit the amendment.

Contestants also say the court committed reversible error in instructing a verdict for the proponent because the evidence raised issues of undue influence and lack of testamentary capacity. The proponent's counter points are to the effect that, although contestants alleged they were the heirs at law of the testatrix and therefore interested in her estate in the event the will was not effective, that there was no evidence thereof; that there was no evidence of undue influence and that it was undisputed that Mrs. Olivarez had testamentary capacity at the time she executed the will. Contestants point out no evidence raising the issues of undue influence or want of testamentary capacity. All the evidence is to the effect that, although Mrs. Olivarez had been sick for a long time and died on the day she executed the will, her mind had not been affected by her physical illness and she was mentally alert

when she executed the will. The contestants' medical witness, who attended her the day before and at the time she executed the will, so testified. We overrule contestants' contentions that the court erred in refusing to submit the issues of testamentary capacity and undue influence to a jury.

Contestants say the court erred in admitting the testimony of Charles Hornsby, Rebecca C. Barrera and Hilda Barrera, witnesses for the proponent. When the deposition of Mr. Hornsby was taken he was cross-examined in detail and at length by contestants concerning transactions with deceased. No objection was then made to his testimony. On the trial, said cross-examination was introduced by contestants. Appellants thereby waived objection to said testimony based on Article 3716. Cox v. McClave, Tex.Civ.App., 22 S.W.2d 961, 962, (Writ Dis.) ; Reynolds v. Porter, Tex.Civ.App., 54 S.W.2d 1086, 1089; Smith v. Smith, Tex.Civ.App., 257 S.W.2d 335, 338, (Ref. N.R.E.) ; Walkup v. Stone, Tex.Civ.App., 73 S.W.2d 912, 914; Dunn v. Peters, Tex.Civ.App., 126 S.W.2d 997, 1000. Contestants' objection to the testimony of Rebecca C. Barrera, wife of proponent, Homero Barrera, and Hilda Barrera, wife of Homero's brother, was based on Article 3716. Neither was a party to the suit; neither could inherit from. Mrs. Olivarez, the aunt of their husbands, if her will should be set aside. Their husbands, not said wives, were her heirs and anything they might have inherited from Mrs. Olivarez would have been their separate property. Their testimony is not prohibited by Article 3716. Mitchell v. Deane,. (Tex.Com.App.), 10 S.W.2d 717.

Contestants offered a lease dated October 24, 1957, for the purpose of showing the difference in Mrs. Olivarez' signature then and at the time she executed the will,. on June 3, 1961. The refusal to admit said instrument showing her signature in 1957, did not constitute reversible error.

It could only tend to show the physical infirmity of the testatrix. That was admitted. It was also admitted that she signed the will.

Reversible error is not shown. The judgment is affirmed.