Mary **EULENFELD** et al., Appellants,

v.

H. L. **WEBER** et al., Appellees.

No. 11607.

Court of Civil Appeals of Texas.

Austin.

May 8, 1968.

Rehearing Denied May 8, 1968.

Barkley, Cutcher & Alderson, James L. Cutcher, Taylor, for appellants.

David R. Sapp, Marvin Lenz, Taylor, for appellees.

PHILLIPS, Chief Justice.

The appellants here were the plaintiffs in the trial court and brought their suit against the defendants, appellees, to set aside two deeds executed by Anna Eulenfeld, now deceased. Anna Eulenfeld executed a deed to a house and lot in Taylor, Texas, on the 31st day of May 1955 when she was 91 years of age and conveyed the property to Amanda Weber one of the defendants below and one of the appellees here. On June 17, 1958 Anna Eulenfeld executed a deed to 100 acres of land to Amanda Weber and her husband H. L. Weber, the latter also being a defendant below and an appellee here. At the time of the latter conveyance, Anna Eulenfeld was 94 years old. She died in April of 1959.

The suit was brought to cancel and set aside both of the deeds referred to above on the grounds that Anna Eulenfeld was a person of unsound mind on the date that she made the conveyances in question and that both of the deeds should be set aside for lack of consideration. The deed to the house and lot recited a consideration of $4,400, was dated May 31, 1955 and was filed for record on June 2, 1955. This deed displayed the proper number of revenue stamps for the recited consideration. The deed to the 100 acres of land was dated June 17, 1958, recited a consideration of $10.00 and other good and valuable consideration, and the further consideration of "Grantees having cared for me for the past eight years." This latter deed was filed for record May 19, 1959, after Anna Eulenfeld's death, and displayed no revenue stamps.

Trial was to a jury, however at the end of plaintiffs' testimony, defendants moved for a directed verdict which motion was sustained by the court. The court then instructed the jury to find for the defendants (appellees) and thereafter a take nothing judgment was entered.

We reverse the judgment of the trial court and remand the cause for trial.

All of the parties to this suit claim under Anna Eulenfeld. The appellants are three of her children, Emma Rummel, Mary and R. W. Eulenfeld. The only adverse parties before this Court are Amanda Weber, a daughter of Anna Eulenfeld, and her husband H. L. Weber.

On the trial of this cause there was admitted in evidence, without limitation, the following affidavit of H. L. and Amanda Weber and others:

"IDA KEIL, ET AL
THE STATE OF TEXAS } AFFIDAVIT   THE PUBLIC
COUNTY OF WILLIAMSON

Before me, the undersigned authority, on this day personally appeared Ida Keil, Amanda Weber, Minnie Frederick, P. J. Frederick, and H L Weber, known to me to be credible persons, and who after being by me duly sworn in accordance with law, each of the above named witnesses depose and say:

Affiants, Ida Keil and Amanda Weber, and Minnie Frederick, say that they are daughters of Anna Eulenfield; that the said Anna Eulenfield is a widow, the surviving wife of Henry Eulenfield, deceased; that she will be 81 years of age August 1st, 1944; that for the past several years she has been in very delicate health, very feeble and does not possess sufficient mentality to transact her business and does not understand the nature of her business; that the said Anna Eulenfield is the owner of considerable property, both real and personal, situated in Williamson County, Texas, and that she does not possess sufficient mentality to properly attend to her business affairs, and especially is she incapable of selling, conveying or exchanging her said properties, and she does not have sufficient will power of sufficient mentality to properly transact business matters and is easily influenced by others to do things which are not to her best interest but detrimental to her and her property; that the said Anna Eulenfield does not have any guardian of her person and estate.

Affiants say that this affidavit is made and is to be placed of record in Williamson County, Texas, where her said property is situated for the purposes of giving notice to any person or persons dealing with the said Anna Eulenfield, that she does not possess sufficient mentality to transact the ordinary business affairs of life.

Affiants, P J Frederick and H L Weber, each say that they have personally known the said Anna Eulenfield for a period of more than twenty-five (25) years, and that they know of their own knowledge that she does not now, by reason of her physical condition and her extreme age, possess sufficient mentality to transact the ordinary business affairs of life, and that she is incapable of attending to her business matters.

Witness our hands, this the 27th day of May A D 1944.

IDA KEIL
MINNIE FREDERICK
PAUL J FREDERICK
H L WEBER
AMANDA WEBER

Subscribed and sworn to before me, this the 27th day of May A D 1944.

(LS)

W C WOFFORD,
Notary Public in
and for William-
son County, Texas"

This affidavit was acknowledged before a Notary Public and filed for record in Williamson County on May 29, 1944.

Regarding this affidavit H. L. Weber testified:

"Q You signed it, didn't you?

A I did, yes.

Q Your wife signed it, didn't she?

A Yes, sir.

Q You both swore to it, didn't you?

A Yes, sir.

Q That was in 1944, wasn't it, Mr. Weber?

A That's what it says here.

Q And you said at that time, because of her extreme age and her physical condition, that she was not capable of transacting business didn't you?

A That's what it says here.

Q That's what you swore to, wasn't it, Mr. Weber?

A That's right.

&ast; &ast; &ast;

Q Mr. Weber, you wouldn't have sworn that Anna Eulenfeld was mentally incompetent unless you felt that she was mentally incompetent, would you?

A No. I'll tell you the whole story about that.

Q I asked you a question. You wouldn't have sworn to a lie, would you?

A No.

Q In other words, that affidavit was true when you signed it?

A At that time, yes.

Q All right. In other words, in 1944, she was incapable, is that right?

A Well, we signed it. I guess so, what we signed there.

Q What you signed was the truth?

A Yes."

■ This was sufficient evidence to raise the issue of the mental capacity of Anna Eulenfeld when she executed the deeds in suit.

■ Remoteness is not a good objection to relevant testimony on the issue of mental capacity. "A mental disorder being usually a continuing condition, its existence at some other time prior or subsequent may have probative value in indicating its existence at the time in question." Texas Law of Evidence, McCormick and Ray, 2d Ed., Sec. 1532.

■ Without the testimony of Mr. Weber the affidavit of him and his wife would not be admissible as an admission and as substantive evidence unless at the time it was made the statements contained in it were against their interests. We assume that they were self-serving when made. Gay v. Jackman, 252 S.W. 1042 (Tex. Com.App.1923); Singleton v. Carmichael, 305 S.W.2d 379 (Tex.Civ.App. Houston 1957, writ ref. n. r. e.); Bass v. Bass, 207 S.W.2d 103 (Tex.Civ.App. Austin 1947, writ ref. n. r. e.).

Appellants' points three and four, briefed together, are the error of the trial court in directing a verdict for the appellees because the evidence was sufficient to show that the appellees were guilty of undue influence in obtaining the deed dated May 31, 1955 and likewise in obtaining the deed dated June 17, 1958.

We overrule these points.

The following is from appellants' brief to demonstrate the "facts" of undue influence:

"The secrecy surrounding the second deed where the grantees went to the attorney to have the deed prepared, had

a notary (not a lawyer) come to the house for the execution of the deed, and did not record the deed until after Anna Eulenfeld's death; and the facts surrounding the first deed whereby a consideration and revenue stamps were shown, but no consideration was actually paid, all taken together adequately show that the activities of the grantees and the facts surrounding the execution of the second deed all should be taken into consideration, and when all of such factors are taken into consideration, there was some evidence of undue influence and the Trial Court should have submitted the questions of undue influence to the jury."

In order to prove undue influence, the evidence must clearly show that the grantee has exerted such pressure of persuasion upon the grantor that the grantor's free agency is destroyed and the will of the wrongdoer is substituted therefor. The grantor's will must be overcome and supplanted. Andrews et al. v. Brown et al., 10 S.W.2d 707 (Tex.Com.App.1928). The moving party must prove by evidence of probative value that the undue influence existed at the very time of the execution of the deed, and in addition thereto, must prove that the undue influence caused the execution of the deed. Besteiro et al. v. Besteiro et al., 65 S.W.2d 759 (Tex.Com. App.1933). We hold that there is no evidence of probative force to go to the jury under these guidelines.

Appellants' points of error five and six, briefed together, are the error of the trial court in directing a verdict for appellees because there was sufficient evidence to show that there was no consideration given for the deed dated May 31, 1955 and the same for the deed dated June 17, 1958.

We overrule these points.

Appellants rely upon the testimony of H. L. Weber in connection with the payment or nonpayment of the consideration of $4,400 recited in the 1955 deed. Weber denied that he had paid any of the recited consideration. The deed recites that the consideration was paid by Amanda Weber and there is no testimony whatsoever to show whether or not Amanda Weber paid the consideration.

In connection with the 1958 deed, the proof offered by appellants in the trial court simply confirmed the existence of the consideration recited in the deed, which was " * * * Grantees having cared for me for the past eight years." There was no issue presented to us as to the sufficiency of the consideration for this deed and it is undisputed that H. L. Weber and wife Amanda Weber did, in fact, care for Anna Eulenfeld for over eight years prior to June 17, 1958.

Appellees have a cross-assignment of error in that of the trial court in overruling appellees' special exception directed to appellants' suit to set aside the deed dated May 31, 1955 because the suit was not brought within four years after the execution and delivery thereof. In this regard appellees cite us to Tex.Rev.Civ.Stat.Ann. art. 5529.

There is no evidence in this record to sustain a holding that appellants' suit is barred by the four year statute of limitations. See Chandler v. Welborn, 156 Tex. 312, 294 S.W.2d 801 (1956), Swink v. City of Dallas, 36 S.W.2d 222 (Tex.Com. App.1931).

The judgment of the trial court is reversed and the cause remanded for trial.

HUGHES, Justice (concurring).

The rule that admissibility of admissions of a party is to be determined as of the time made rather than at the time they are offered in evidence, as held in the cases cited by the Court, has been sharply criticized. See McCormick and Ray, Texas Law of Evidence, Sec. 1122, Texas Law Review, Vol. 36, p. 517. I believe this criticism to be sound. This Court, however, has no authority to change the rule.

I concur in the opinion of the Court.