**Pat VOIGT and William M. Porter, Appellants,**

v.

**Melrose Haby UNDERWOOD, Appellee.**

No. 15931.

Court of Civil Appeals of Texas, San Antonio.

July 19, 1978.

Rehearing Denied Sept. 20, 1978.

William M. Porter, San Antonio, for appellant.

Fred J. Manning, San Antonio, for appellee.

OPINION

MURRAY, Justice.

This is a suit to set aside a deed from Clarence A. Haby, deceased, to Pat Voigt. The plaintiff is Melrose Haby Underwood, daughter of Clarence A. Haby, deceased, and the defendants are Pat Voigt and William M. Porter. The trial was before a jury and the one issue submitted to the jury was as follows:

Do you find from a preponderance of the evidence that on November 16, 1972, that Clarence A. Haby did or did not have sufficient mental capacity to understand the nature and effect of his act in executing the deed in question to Pat Voigt?

Answer 'Clarence A. Haby did have sufficient mental capacity,' or 'Clarence A. Haby did not have sufficient mental capacity.'

The jury answered that "Clarence A. Haby did not have sufficient mental capacity."

The defendants contend that the special issue as worded improperly placed the burden of proof. We agree.

It appears from the record that the question as originally submitted to the attorneys for objection properly placed the burden of proof on the plaintiff and asked the jury to answer the question "He did have" or "He did not have." After the charge was read to the jury, it was decided to change the form of the answer but not the question. The court reporter understood that both question and answer were to be changed which was done without giving either counsel a chance to object. This matter is set up by affidavit of the court reporter and approved by the trial court as follows:

### AFFIDAVIT

Before me, the undersigned authority, on this day personally appeared GENE L. STEELE, Official Court Reporter for the 38th Judicial District Court of Medina County, Texas, who, after being duly sworn, would state upon his oath, the following:

On the 17th day of May, 1977, at a trial before a jury, in the above entitled and numbered cause, the following special issue was read to the jury, to-wit:

Do you find from a preponderance of the evidence that on November 16, 1972, that Clarence A. Haby did not have sufficient mental capacity to understand the nature and effect of his act in executing the deed in question to Pat Voigt?

Answer: 'He did' or 'He did not have.'

We the Jury, answer: _____

Thereafter, following the reading of the special issue to the jury, it was decided by the Court and the attorneys that the answer to said special issue should be changed in order to clarify their answer as follows:

'Clarence A. Haby did have sufficient mental capacity' or 'Clarence A. Haby did not have sufficient mental capacity.'

I changed the special issue question to read as follows:

Do you find from a preponderance of the evidence that on November 16, 1972, that Clarence A. Haby did or did not have sufficient mental capacity to understand the nature and effect of his act in executing the deed in question to Pat Voigt?

Answer: 'Clarence A. Haby did have sufficient mental capacity' or 'Clarence A. Haby did not have sufficient mental capacity.'

The jury answered that 'Clarence A. Haby did not have sufficient mental capacity.'

I understood that the question and answer was to be reworded. I later found out that the Court and the attorneys only agreed to change the answer and not the context of the special issue. This change was made during the course of the argument to the jury and the attorneys did not have an opportunity to correct same or make any objections thereto.

Sworn to and subscribed this 26th day of July, 1977.

/s/ Gene L. Steele
Gene L. Steele

Given under my hand and seal of office this 26 day of July, 1977.

/s/ Francis J. Bohl
District Clerk, Medina County, Texas

### COURT'S APPROVAL

I, JACK WOODLEY, Presiding Judge of the 38th Judicial District Court of Hondo County, Texas, agree that the

above and foregoing matter occurred in accordance with the foregoing affidavit and same is true and correct. This certificate is made in order that same may be incorporated into the record in said cause.

SIGNED and ENTERED this 26 day of July, 1977.

/s/ Jack Woodley
Judge Presiding

The issue as submitted appears to give the jury a choice and destroys the instruction in the charge to the effect that the burden of proof is on the plaintiff. The disjunctive submission permitted by Rule 277, Tex.R.Civ.P. 277 (1978), is not applicable to this case. *Parker v. Keyser*, 540 S.W.2d 827 (Tex.Civ.App.—Corpus Christi 1976, no writ); G. HODGES, SPECIAL ISSUE SUBMISSION IN TEXAS 94 (1959). We think that the failure to place the burden in this issue is properly illustrated by Professor Hodges when he says at page 94:

If the inconsistent fact is in issue only as inferential rebuttal of an element of plaintiff's primary ground of recovery, and not in addition as an element of plaintiff's alternative ground of recovery, the placing of the burden of persuasion within the issue, in the usual form, either places the burden of proof improperly or fails to place it on either party. Thus, if plaintiff seeks recovery only on the ground that an employment contract provides for a commission on sales, and the defendant asserts that the contract was for a salary which has been paid, the following issue would be erroneous: 'Do you find from a preponderance of the evidence that the agreement was for a commission or that it was for a salary?' It would place the burden equally for finding either answer, and thus either fail to place the burden or it would erroneously place it on the defendant to secure a finding that the agreement was for a salary.

This point was properly raised by defendant in his motion for new trial and, therefore, under the unusual circumstances of this case, we hold that the error is preserved for review by this Court.

The judgment of the trial court is reversed and remanded.