**Pat VOIGT et al., Appellants,**

v.

**Melrose Haby UNDERWOOD, Appellee.**

**NO. 16532.**

Court of Civil Appeals of Texas, San Antonio.

March 4, 1981.

Rehearing Denied April 8, 1981.

William M. Porter, San Antonio, for appellants.

Fred J. Manning, West & West, San Antonio, for appellee.

## OPINION

ESQUIVEL, Justice.

This is the second appeal of this case from the 38th District Court of Medina County, Texas. The first appeal resulted in the case being reversed and remanded by this court in 1978.[1] The reversal was due to the improper submission of a single special issue inquiring into the mental competence of appellee's father, Clarence A. Haby, hereinafter referred to as Clarence, to execute a deed conveying a one hundred fifty-four (154) acre tract of land to appellant, Pat Voigt. Clarence, along with a brother and sister, inherited a 154-acre tract of land in Medina County, Texas, in the early 1920's. In 1954, Clarence and Mabel Haby purchased the entire 154-acre tract in question via a partition deed from the heirs of Clarence's sister. It appears that community funds were used to purchase the sister's heirs' interest.

Mabel Haby and Clarence had been married for approximately forty-five years

---

1. *Voigt et al. v. Underwood*, 570 S.W.2d 440 (Tex.Civ.App.—San Antonio 1978, no writ).

when Clarence, who is now deceased, left for Kentucky with his lady friend, Margaret Haby, and several of her children. Clarence had a well documented history of alcohol abuse. This abuse continued for over a decade and was the basis of the jury's finding that he lacked the mental competence to execute the deed in question to Pat Voigt.

Prior to Clarence's departure from Texas to Kentucky, Mabel Haby filed for divorce in Medina County. However, on December 14, 1972, Clarence died in Kentucky. As a result of Clarence's death a non-suit was granted in the divorce action, which had not yet become final, in January, 1973. Mabel Haby was a party in the first suit filed in this cause. A default judgment was entered against her in that action.

On November 16, 1972, Clarence conveyed by deed the 154-acre tract to appellant, Pat Voigt. Voigt on December 14, 1972, conveyed by warranty deed an undivided one-third interest in the land in question to appellant, William M. Porter, Sr. Appellant, William M. Porter, Sr., further conveyed the land by quitclaim deed to appellant, William M. Porter, Jr.

In the two jury trials of this cause it was found that Clarence did not have sufficient mental capacity to understand the nature and effect of his acts in executing the November 16, 1972, deed to Pat Voigt.

Appellants, Pat Voigt, William M. Porter, Sr., and William M. Porter, Jr., appeal the judgment rendered by the trial court in the second trial wherein the court set aside, canceled, and voided the conveyance from Clarence to appellant, Pat Voigt; the conveyance from appellant, Pat Voigt, to William M. Porter, Sr.; and the conveyance by quitclaim deed from appellant, William M. Porter, Sr., to appellant, William M. Porter, Jr., of the land in question.

The trial court also decreed in its judgment that because the deed conveying the land executed by Clarence was void, any rights obtained by a default judgment obtained February 20, 1974, against Mabel Haby by appellants were also declared void.

Appellants cite eleven points of error in their brief on appeal.[2] For purposes of this

2. The eleven points of error are as follows:

I.
THE TRIAL COURT ERRED IN SUBMITTING THE SPECIAL ISSUE INQUIRING WHETHER CLARENCE A. HABY DID OR DID NOT HAVE SUFFICIENT MENTAL CAPACITY TO EXECUTE THE DEED IN QUESTION ON THE 16TH DAY OF NOVEMBER, 1972, BECAUSE THERE WAS NO EVIDENCE TO SUPPORT THE SUBMISSION OF SAME.

II.
THE TRIAL COURT ERRED IN SUBMITTING THE SPECIAL ISSUE TO THE JURY CONCERNING THE MENTAL CAPACITY OF CLARENCE A. HABY BECAUSE THE EVIDENCE WAS INSUFFICIENT.

III.
THE TRIAL COURT ERRED IN FAILING TO INSTRUCT A VERDICT IN FAVOR OF THE DEFENDANTS BECAUSE THERE WAS NO FACTUAL EVIDENCE SHOWING THAT THE GRANTOR, CLARENCE A. HABY, LACKED MENTAL CAPACITY TO EXECUTE THE DEED IN QUESTION ON THE 16TH DAY OF NOVEMBER, 1972.

IV.
THE COURT ERRED IN ALLOWING THE MEDINA COUNTY COURT ORDER COMMITTING CLARENCE A. HABY TO THE STATE HOSPITAL IN 1960 FOR ALCOHOL-ISM BECAUSE SAME IS TOO REMOTE TO HAVE ANY BEARING ON HIS MENTAL CAPACITY.

V.
THE COURT ERRED IN ALLOWING THE ATTORNEY FOR THE PLAINTIFF TO PROPOUND QUESTIONS TO THE UNDERSIGNED ATTORNEY, WILLIAM M. PORTER, SOLELY FOR THE PURPOSE OF CREATING PREJUDICE AGAINST THE SAID DEFENDANTS.

VI.
THE COURT ERRED IN FAILING TO SUBMIT A SPECIAL ISSUE TO THE JURY CONCERNING TEMPORARY INCAPACITY ON THE PART OF CLARENCE A. HABY, BY REASON OF INTOXICATION AT THE TIME THE DEED WAS EXECUTED.

VII.
THE COURT ERRED IN FAILING TO SUBMIT TO THE JURY THE ISSUE WHETHER OR NOT CLARENCE A. HABY, AT THE TIME HE EXECUTED THE DEED IN QUESTION ACTUALLY CREATED AN EXPRESS TRUST WITH PAT VOIGT, AS TRUSTEE.

VIII.
THE COURT ERRED IN FAILING TO GRANT THE DEFENDANTS' MOTION FOR A MISTRIAL SINCE AFTER THE SELECTION OF THE JURY IN SAID CAUSE IT

appeal we will discuss only points of error numbers four, ten and eleven. We expressly overrule appellants' remaining eight points of error as they are without the support of facts or evidence before us in the record on appeal.

By their fourth point of error appellants contend that the trial court erred in allowing a Medina County court order committing Clarence A. Haby to a State hospital in 1960 for alcoholism into evidence because the incident was too remote in time to have any bearing on his mental capacity at the time he executed the deed.

■ The record discloses that the order of commitment was admitted into evidence in the previous trial of this case, and was also allowed into evidence over objection of the appellant in the second trial. It has been held that remoteness is not a good objection to relevant testimony on the issue of mental capacity. This rule is based on the sound reasoning that a previous mental condition or disorder is usually a continuing condition. The fact that Clarence was committed to the State Hospital in 1960 has probative value in indicating the existence of any mental incompetence at the time he executed the deed to appellant. *Eulenfeld v. Weber*, 428 S.W.2d 383 (Tex.Civ.App.—Austin 1968, writ ref'd n. r. e.); *See also* 2 R. Ray, Texas Law of Evidence § 1532 (Texas Practice 3d ed.1980). Appellants' fourth point of error is therefore overruled.

By their tenth point of error appellants contend that the trial court erred in allowing Mabel Haby to testify because she was an interested party under Article 3716, Vernon's Annotated Revised Civil Statutes. It

is appellants' contention that appellee's third amended original petition alleged that Mabel Haby owned the property in question; that the property in question was the community property of Clarence and Mabel Haby; or that the property in question was at least subject to a charge by the community estate for improvements; or that the property was the homestead of Clarence A. and Mabel Haby.

■ It is uncontroverted by appellants that they made no objection to the testimony of Mabel Haby in the first trial of this case. This lack of objection to her testimony waives appellants' right to invoke the exclusionary provisions of the Dead Man's Statute, Article 3716, in the second trial of this cause after it was reversed and remanded by this court. The exclusionary provisions of the Dead Man's Statute may be waived by failure to object to testimony when it is offered by the party seeking to introduce the testimony into evidence. The testimony once it is admitted by the trial court possesses probative value. *Garcia v. Barrerra*, 385 S.W.2d 606 (Tex.Civ.App.—Eastland 1964, writ ref'd n. r. e.); *Mueller v. Banks*, 273 S.W.2d 88 (Tex.Civ.App.—San Antonio 1954, writ ref'd n. r. e.); *Merriman v. Lary*, 205 S.W.2d 100 (Tex.Civ.App.—Waco 1947, writ ref'd n. r. e.). Appellants' remedy for excluding the testimony of Mabel Haby was to object to the proffered testimony at the first trial of this case. In view of their failure to do so, appellants' tenth point of error is overruled.

By their eleventh point of error the appellants contend that the trial court erred in entering its judgment in the second trial

WAS DISCOVERED THAT PLAINTIFF, MELROSE HABY UNDERWOOD, HAD MARRIED WILLIAM VEASMAN, AND THUS DEPRIVED THE DEFENDANTS OF THEIR RIGHT TO PROPER VOIR DIRE EXAMINATION OF THE PROSPECTIVE JURORS.

IX.
THE TRIAL COURT ERRED IN EXCLUDING THE EVIDENCE CONCERNING CLARENCE A. HABY AND HIS GIRL FRIEND TO THE EFFECT THAT SHE WAS WITH CHILD AND THAT CLARENCE A. HABY WAS THE FATHER.

X.
THE COURT ERRED IN ALLOWING THE PLAINTIFF, MABEL HABY, TO TESTIFY BECAUSE SHE WAS AN INTERESTED PARTY UNDER ARTICLE 3716, VERNON'S ANNOTATED REVISED CIVIL STATUTES.

XI.
THE TRIAL COURT ERRED IN ENTERING THE JUDGMENT OF DECEMBER 13, 1979, FOR THE REASON THAT SAME SUBSTANTIALLY VARIES FROM THE PLEADINGS OF THE PLAINTIFF AND PRIOR ADJUDICATED PROCEEDINGS IN SAID CAUSE OF ACTION.

of this case because that judgment substantially varies from the pleadings of the appellee and prior adjudicated proceedings in this matter. Appellants state that due to the previous default judgment taken against Mabel Haby she had been adjudicated out of this lawsuit because she made no plea to set aside the default judgment entered against her, and, further, never filed a bill of review to set aside the default judgment against her.

To support their contention appellants cite one case. This case is not in point. To controvert appellant's position the appellee cites no cases, but refers this court to Rule 240 of the Texas Rules of Civil Procedure. It is appellee's position that the default judgment entered against Mabel Haby on February 14, 1974, was interlocutory in nature pending a final judgment in the matter as to Melrose Haby Underwood.

■ When the trial court rendered its final judgment, Mabel Haby was included in the relief granted by the court. The trial court ordered that any rights obtained by default judgment in this cause against Mabel Haby were declared void. The action of the trial court in effect set aside the default judgment rendered against Mabel Haby on February 14, 1974. The trial court had the authority within its power to take such action as to Mabel Haby as a defendant in the first trial of this case. *Kemp v. Harrison*, 431 S.W.2d 900 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n. r. e.).

We find no reversible error was committed by the trial court. The judgment of the trial court is affirmed.

CADENA, C. J., and KLINGEMAN, J., concur in result.